Williams agt. Hayes.

## SUPREME COURT.

### WILLIAMS agt. HAYES.

The Code not only abolishes the distinction between legal and equitable remedies, but also establishes an uniform course of proceedings in all cases. Therefore neither the rules by which the sufficiency or insufficiency of pleadings in the common law courts, nor those which were applicable to pleadings in courts of equitable jurisdiction, can be adopted as a sure guide.

The complaint is to contain a statement of the facts constituting the cause of action.

The answer, besides a denial of the allegations of the complaint, may contain a statement of any new matter constituting a defence.

The reply, in addition to a denial of the statements in the answer, may contain allegations of new matter, in avoidance of the answer (*Code*, § 142, 149, 153). Whatever statements may be found in either of these pleadings beyond this, are redundant and irrelevant. And this too. whatever the nature of the action. whether under the system, now abolished, it would have been a case of legal or equitable cognizance.

The criterion is, whether the allegation in the pleading can be made the subject of *a material issue*. That is, the statement of such facts as constitute a cause of action, or a defence, or in case of a reply, such facts as will avoid a defence. Not a statement of the evidence, or, which is the same thing, facts which constitute evidence of an essential fact in the case. (*The doctrine in the case of Knowles agt. Gee*, 4 How. Pr. R. 317, *concurred in. See also Shaw agt. James, id.* 119; *Glenny agt. Hitchins, id.* 98; *Russell agt. Clapp, id.* 347; *McMurray agt. Gifford, ante page* 14.)

It is the right of the adverse party to have the matter improperly inserted in the pleading, removed. so that the record, when complete shall present nothing but the issuable facts in the case. (*The case of Hynds agt. Griswold,* 4 *How. Pr. R.* 69, *explained, and modified. The case of Carpenter agt. West, ante page* 53, *concurred in.*)

Williams agt. Hayes.

*Rensselaer Special Term, January* 1851. Motion to strike out irrelevant and redundant matter. The action was brought to restrain the defendant from foreclosing a mortgage executed by the plaintiff and his wife to one Boughton, and to have the same cancelled. The complaint states that on the 7th of April 1838, the plaintiff and his wife mortgaged certain premises to Boughton to secure the payment of $250; that Boughton died in 1846, and that, before his death, the mortgage had been fully paid; that after the death of Boughton the mortgage came into the possession of the defendant, who claims to be the owner and assignee thereof, and is seeking to foreclose the same. The complaint then proceeds to state that Boughton had, in his life time publicly stated that the plaintiff had paid up the mortgage, and that he was indebted to the plaintiff; that the only reason why the mortgage had not been legally discharged was, that the parties, being ignorant of the law, had not deemed it necessary; that after the mortgage had come into the possession of the defendant, he had sold it to one Greenman, representing that there was still due thereon $54; that Greenman having ascertained that the mortgage had been paid and that its payment could be proved, sued the defendant to recover back the amount paid for the mortgage, and before the trial the defendant refunded to Greenman the amount paid by him, and received the mortgage back; that after this the defendant had offered to sell and deliver the mortgage to the plaintiff for $30, which the plaintiff, to avoid litigation, had agreed to pay, upon condition that the defendant would execute an instrument whereby it might be legally discharged, which the defendant refused to do; that before the death of Boughton he and the plaintiff had, for six years or more, dealt largely together and had not settled; that they were about settling when Boughton died; that plaintiff has but little property, and if the defendant is permitted to enforce the mortgage, the plaintiff will be left nearly, if not entirely destitute.

All these statements, subsequent to the allegation that the defendant is seeking to foreclose the mortgage, the defendant moved to strike out as redundant or irrelevant.

---

Williams agt. Hayes.

---

E. R. PECK, *for Plaintiff.*

BINGHAM & McCLELLAN, *for Defendant.*

HARRIS, Justice.— A prominent object of the reform instituted by the Code was *"to simplify and abridge pleadings,"* to substitute for the unmeaning forms, and prolix statements with which pleadings, both at law and in equity, had been incumbered, a simple statement of the facts which constitute the cause of action, or the grounds of defence, in such a manner as to present to the court the precise points in dispute, and when the controversy is ended, to preserve a record of the precise matters determined. Hence it is specifically required, in respect to all pleadings, that the matter to be alleged shall be stated in " ordinary and concise language." The complaint is to contain " a statement of the facts constituting the cause of action." The answer, besides a denial of the allegations of the complaint, may contain a statement of any new matter constituting a defence. In like manner the reply, in addition to a denial of the statements in the answer, may contain allegations of new matter, in avoidance of the answer (*Code,* § 142, 149, 153). Whatever statements may be found in either of these pleadings beyond this, are redundant or irrelevant; and this, too, whatever the nature of the action; whether under the system, now abolished, it would have been a case of legal or equitable cognizance. It was the avowed object of the legislature, in adopting the Code, not only to abolish the distinction between legal and equitable remedies, but to establish an uniform course of proceeding in all cases (see preamble to the Code). Under such a system, neither the rules by which the sufficiency or insufficiency of pleadings in the common law courts, nor those which were applicable to pleadings in courts of equitable jurisdiction, can be adopted as a sure guide. The principle by which questions of this description are to be determined under the present system, has been exceedingly well stated by Mr. Justice SELDEN, in Knowles vs. Gee (4 *Howard,* 317). The facts which pleadings under the Code are to contain are, he says, " issuable facts— facts essential to the cause of action, or defence,

and not those facts and circumstances which merely go to establish such essential facts." (See also Shaw vs. Jaynes, 4 *Howard*, 119; Glenny vs. Hitchins, *id.* 98; Russell vs. Clapp, *id.* 347; McMurray vs. Gifford, 5 *id.* 14.) The criterion in every such case is, I think, whether the allegation in question can be made the subject of *a material issue.* If it can, it has a right to be found in the pleadings; if not, it ought not to be there. The rule may be illustrated by the case under consideration. A material fact stated in the complaint is, that the mortgage in question has been paid. Upon this allegation a material issue might be made. Upon this issue, it would be very pertinent to prove another allegation in the complaint, that the mortgagee had in his life time, publicly stated that the mortgage was paid. This would be evidence tending to show that the mortgage was in fact paid; but could a material issue be made upon the latter allegation? Whether the mortgagee had said so or not, is only important as it may furnish evidence upon another issue, that is, whether the mortgagee had, in fact, been paid or not. In the language of Justice SELDEN, " it is a fact which merely goes to establish *the essential fact*," namely, that the mortgagee is really paid. The Code has no where provided that evidence, or, which is the same thing, facts which constitute evidence of an essential fact in the case, may be inserted in any pleading. On the contrary it limits pleadings to the statement of such facts as constitute a cause of action or a defence; or, in case of a reply, such facts as will avoid a defence.

The learned judge whose doctrine, as stated in Knowles vs. Gee (4 *Howard*, 317), I am so willing to adopt, has, in a more recent case himself laid down a different rule. In The Rochester City Bank vs. Suydam (5 *Howard*, 216), he has held that " the statement of facts in the complaint, should be in conformity with the nature of the action. If the case and relief sought be of an equitable nature then the rules of chancery pleading are to be applied; otherwise those of the common law. With great deference, I am constrained to dissent from this conclusion. It was not the intention of the legislature, in adopting the Code, to con-

tinue the distinction between common law and equity pleadings. On the contrary, it was intended that there should be but one system of pleadings. It was not intended that the rules of common law pleading should be applicable to one class of cases, and those of chancery pleading, to another. On the contrary, it was intended that neither the rules of common law pleading, nor those of equity pleading, should be exclusively applicable to any case of pleading under the Code. In every case the criterion, by which to judge of the sufficiency or insufficiency of the pleading, is to be the same. Whether the case is one of an equitable nature, or of common law jurisdiction, so far as the pleading states facts essential to the cause of action, or the defence, or to avoid the matter of the defence, so far it is unobjectionable; whatever else it contains, is redundant or irrelevant, and may properly be stricken out. If I am right in this view of the question, it follows that matters of evidence, or as it is expressed by Justice Selden, " the facts and circumstances which go to establish *the essential facts* in the case, ought not to be inserted in the pleadings. The very language in which the Code has prescribed what the several pleadings which it allows shall contain, seem to exclude from such pleadings all mere matters of evidence. My own experience, and I think that of every other judge, as well as that of the bar, has proved that it is wise, if not absolutely necessary, if we would give practical efficiency to this novel system, to confine the pleadings to their legitimate office, and whenever the opportunity is presented, to disencumber them of the unnecessary matter, with which they are now so frequently crowded. By this means alone, I am fully persuaded, can the system of pleading be rendered useful or even tolerable, and the end for which it was adopted, that of simplifying and abridging pleadings, be attained.

If the principle stated is to be applied to the case before me, this motion must be granted. Striking out all the matter embraced in this motion, it leaves the complaint still containing a statement of all the facts constituting the plaintiff's cause of action. The matter which it is proposed to strike out, consists of facts and circumstances, which, if proved, would tend to sustain

Williams agt. Hayes.

an issue upon the material facts alleged; but which if denied, would not themselves present a material issue for trial. Some of these facts and circumstances might properly be proved, if issue were joined upon the material facts in the case, and some of them would not be competent even as evidence. Such allegations can render no useful service. They only tend to encumber the pleadings, and render them complex and prolix. They ought, therefore, to be struck out.

I was referred upon the argument to what I have myself said, in Hynds vs. Griswold (4 *Howard*, 69), in support of the position, that if, upon the trial, it would be pertinent for the plaintiff to prove the facts alleged, they could not be deemed irrelevant. Perhaps the language I have used in that case, requires some qualification. All I intended to assert was, that facts which might be material to the issue, as tending to aggravate or mitigate damages, might properly be stated in the pleadings, though not necessary to constitute a complete cause of action; or, in case of an answer not constituting a complete defence. The language of that opinion requires to be qualified in another particular. When it is said that before matter can be stricken out of a pleading it must not only appear to be redundant or irrelevant, but also that some party is aggrieved or prejudiced thereby, it would seem to be a fair inference that before such a motion could be granted it must be shewn, in support of the motion that some actual injury would result to the moving party, if the matter sought to be expunged was suffered to remain. If such a construction is to be given to the opinion, it is certainly erroneous. I concur entirely in the view taken of this question, by Mr Justice HAND in Carpenter vs. West (5 *Howard*, 53). It is not every unnecessary expression or redundant sentence, which should be expunged on motion. But where entire statements are introduced upon which no material issue can be taken, the opposite party may be " aggrieved" by allowing them to remain in the pleading. If not answered, it may be claimed that such allegations are admitted, and if denied, the record is embarrassed with immaterial issues. In all such cases, it is the right of the adverse party to have the

matter, improperly inserted in the pleading, removed so that the record, when complete, shall present nothing but the issuable facts in the case. This I understand to be the true spirit and general policy of the system of pleading prescribed by the Code.

The motion in this case must be granted with costs.