## MUSSINA *a.* CLARK.

*Supreme Court, First District; At Chambers, December,* 1863.

CONSPIRACY.—PLEADINGS.—SCANDALOUS AND IRRELEVANT ALLEGATIONS.

In an action for a conspiracy, the rule is to allow a great latitude in setting out in the complaint the particular acts from which the conspiracy is to be inferred, even so far as to allow the individual acts of the conspirators to be averred.

So far as the allegations of such acts are scandalous, they should be stricken out, unless they appear to relate to the foundation of the plaintiff's action.

Instances of scandalous and irrelevant matter in a complaint in an action for conspiracy.

Motion to strike out complaint as scandalous, or to strike out portions of it as scandalous, irrelevant, and redundant, and to make it more definite and certain.

This action was brought by Simon Mussina and Jacob Mussina against Lot C. Clark and Alfred DeGroot, counsellors of the court, to recover $100,000 damages for an alleged con-

spiracy to delay and defeat the plaintiffs in an action brought by the present plaintiffs against Stillman. Belden & Alling, the present defendants have been in that action the attorneys for the defendants. That action was pending several years, and resulted in a judgment for the plaintiffs for about $90,000.

The plaintiffs now allege, in this action against the attorneys and counsel of the defendants in that action, that knowing there was no defence to it on the merits, they nevertheless obtained, on false affidavits, nearly a year's time, after the service of the original complaint, for the defendants to make answer to it: that the defendants being finally ordered by the court to answer the complaint in ten days, they, the counsel and attorney, interposed a demurrer, well knowing that it was not done in good faith, and could not be sustained, but was merely for the purpose of delay: that after the decision of the demurrer against the defendants, answers were put in, drawn by one of the present defendants, who acted as counsel, and sworn to by the other, who acted as attorney, when they both well knew that the answers were false, or did not know them to be true: that more than a year after the original answers were thus put in, a motion was made for leave to file an amended answer for two of the defendants, sworn to by the attorney, upon an affidavit of such attorney that all the defendants in the action resided out of the State, when the attorney knew that one of the defendants named in the amended answer resided in the city of New York, and that such amended answer was designed to add known falsehoods to those contained in the original answer.

Many other acts are also alleged to have been done by these defendants during the progress of said action, in furtherance of the conspiracy to delay and defeat the plaintiffs in the attainment of their rights.

The defendants moved to strike out the whole complaint as scandalous, with costs against the plaintiffs' attorney. Or, if that should not be granted, to strike out portions as scandalous, irrelevant, and redundant, and to make certain portions more certain.*

---

* The following extract from the complaint gives an idea of the portions objected to. The parts in italics were specially attacked by the motion:

The plaintiffs herein further show, [48, *that the said Lot C. Clark was informed, and knew, that so far as the said answer of Stillman and Belden, and the said answer of William*

*Charles A. Rapallo,* for the motion.—I. The complaint is scandalous.

II. It is a device to publish a libel under color of an action at law, when no real cause of action is shown by the complaint.

*Alling* in said action, took issue with the complaint therein, whether by special or general denial, or by attempted avoidance, they were untrue, false, and evasive, yet] that under the influence and inducements of said Clark, [39, *who drew the said answers*], [40, *and substituted them in the place and stead of those drawn by him previous to the decision on said demurrer*], the said Alfred DeGroot [41, *reluctantly*] swore to said pretended answers, [42, *well knowing that he had no sufficient ground for believing them true, and*] without knowing or believing that they were true, and that the said Clark [43, *used his influence with and*] persuaded, and did induce the said DeGroot to make oath to said answers, well knowing that the affidavits of verification attached thereto were untrue, and counselled and consented to such verification of said answers; and that the said Clark did so, well knowing that he, said Clark, was thoroughly and perfectly informed of the facts in said case in said action, and that the said DeGroot was not, [44, *and that said pretended answers could not be sworn to by said defendants, or by himself as their informed attorney, without wilful and corrupt perjury.*]

The plaintiffs herein further show, that on or about the 1st day of April, 1858, the said plaintiffs moved this court to set aside the answer of said Alling, and the answer of said Belden, in said action; on the ground of the improper and insufficient verification of the same; [45, *that upon the hearing of said motion, the said Clark used an affidavit made by him, said Clark, wherein he swore that J. L. Jernegan, Esq., then acting as the attorney for plaintiffs therein, had informed him, said Clark, before the said answers were served, that he, Jernegan, "did not care for the personal verification by the defendants, but would just as soon have the verification made by the attorney,]"* [46, *which statement the said Clark well knew to be untrue, he Clark, knowing that there was no agreement or understanding between him and said Jernegan about the said answers or their verification]* ; [47, *that also in such affidavit, he, said Clark, further swore that "the said defendants have fully and fairly stated their case in the cause to deponent, who resides in Richmond county, and that each of said defendants has a good and substantial defence to this action,"* (id est, to the said action), *"on the merits, as he verily believes," which statement the said Clark knew to be wholly or partially false;*] [48, *and that upon the hearing of said motion the said Clark also used an affidavit made by said DeGroot, drawn with the intent, and in such a manner as to induce this court to believe that he, said DeGroot, had examined "the papers and proceedings mentioned in such verifications," and "that they were either original or authenticated copies of the various deeds, pleadings, instruments, and proceedings, mentioned in said answers]* ;" [48½, *when the said Clark and the said DeGroot both well knew that he, said DeGroot, had made no such examination of said deeds, pleadings, instruments, and proceedings, and did not believe said answers or said verifications to be true by reason of any such examination made by him, said DeGroot.*]

The plaintiffs herein further show to this court, that, in pursuance of [68, *the intent, view, and purpose hereinbefore stated, and in furtherance of the conspiracy hereinbefore set forth,*] [69, *and to fulfil the declaration of said Clark to others than the defendants therein, that said action would not come to trial, and that he would exhaust the plaintiffs by delay, though there was really no defence to the action on the merits, or words to that effect*], they, the defendants herein, Lot C. Clark and Alfred DeGroot, [70, *did continue by various false pretexts and pretences, and irregular movements and practices in said action, and by the in-*

Mussina *a.* Clark.

III. The complaint is so stuffed with scandalous and irrelevant matter, that the court cannot, without great labor, separate the scandalous and irrelevant from the relevant and proper, if, indeed, there be any such relevant and proper matter in it.

IV. Even if it were possible, by imposing upon the court a critical, laborious, and extended examination of said complaint, to extract from it allegations which might constitute a cause of action, yet it is drawn with such entire disregard of the rules of pleading, and is so grossly improper, that it should be wholly set aside.

V. It pretends to set forth various causes of action, without stating them separately.

VI. The allegations of the complaint are so indefinite and uncertain, that the precise nature of the charge is not apparent.

VII. In case the complaint is not wholly stricken out, we ask that the objectionable portions may be stricken out as irrelevant, scandalous, and redundant, respectively, and that other portions indicated in the motion-papers be made more definite and certain.

*Henry Woodruff*, opposed.—We raise, as preliminary objections, 1. An entire complaint, that may contain only the elements of a cause of action, cannot, on any ground, be stricken out. (Benedict *a.* Dake, 6 *How. Pr.*, 352 ; Stiles *a.* Comstock, 9 *Ib.*, 48 ; Harlow *a.* Hamilton, 6 *Ib.*, 475.) 2. An alternative demand is not to be heard. (5 *Co.*, 40 ; Warwick *a.* Mayor, &c., of N. Y., 28 *Barb.*, 210 ; S. C., 7 *Abbotts' Pr.*, 265.) The Code does not authorize " alternating for the judgment of the court." (Durant *a.* Gardner, 10 *Abbotts' Pr.*, 445.) 3. That the " fifth" reason or ground stated in the motion is indefinite, in not stating the separate causes of action pretended to be set forth in the complaint. (Purdy *a.* Carpenter, 6 *How. Pr.*, 361.)

---

terposition *of untruthful answers and affidavits therein, which the said Lot C. Clark well knew to be untruthful and false, and which the said DeGroot did not know, and had no sufficient information or reason to believe to be true*], [71, *to hinder, delay, and embarrass the proceedings in said action, and defeat the due and speedy administration of justice therein*] till the trial of said action at the circuit of this court, about six years after the commencement of said action, [72, *when the counsel for the said defendants therein, Stillman, Belden, and Alling, repudiating the sworn answers, their specific and general denials, confessed to this court that " there are no issues of fact," " no questions of fact in the case," " altogether a question as to the proper view to be taken of undisputed facts.*]"

II. The complaint states a cause of action; it is an action upon the case in the nature of a conspiracy. (Skinner *a.* Gutton *et al.*, 1 *Saund.*, 230; Jones *a.* Baker, 7 *Cow.*, 445; Hutchins *a.* Hutchins, 7 *Hill*, 104.) The charge against DeGroot & Clark is stated. The statement of acts done, and of the knowledge, and of the facts showing the knowledge, support the charges. (Van Pelt *a.* McGraw, 4 *N. Y.* (4 *Comst.*), 110; People *a.* Fisher, 14 *Wend.*, 9, 16.) The action is maintainable at common law. (6 *T. R.*, 636; 2 *Greenl. Ev.*, 257, § 254; Swan *a.* Saddlemire, 8 *Wend.*, 676; Cockshall's Case, *Leonard*, 189, *a*, 269. See, also, Gregory *a.* Duke of Brunswick, 46 *Eng. Com. L.*, 204, 952.) It may also be brought under the statute of this State. (2 *Rev. Stat.*, 287, § 68; *Ib.*, 691, § 8, subd. 6.) Our statute is not a copy of the old statute of Edw. III., but has a wider scope, and gives to any party, injured by the deceit or conspiracy, a more perfect remedy.

III. The matters stated in the complaint are relevant to the cause and subject of the action. The plaintiffs may state facts, showing, 1. The inducement; 2. The conspiracy, and acts showing it; 3. The acts causing the damage; 4. The facts showing the damage; 5. Any facts that may affect the amount of the recovery; 6. Facts showing knowledge. (Carpenter *a.* West, 5 *How. Pr.*, 53; Moloney *a.* Dows, 15 *Ib.*, 261; Rochester City Bank *a.* Suydam, 5 *Ib.*, 216; Littlejohn *a.* Greeley, 13 *Abbotts' Pr.*, 311; S. C., 22 *How. Pr.*, 345.)

IV. What is not clearly irrelevant cannot be scandalous. (*Bouvier's Law Dict.*, "Scandal;" *Exp.* Simpson, 15 *Ves.*, 477; 4 *Cooper's Eq. Pl.*, 318; *Story's Eq. Pl.*, §§ 268–270; 12 *Young & Coll.*, *New R.*, 443.)

V. As the facts lie within the knowledge of the defendants, they are stated with sufficient certainty. (*Archbold's Civ. Pl.*, 110; 1 *Chit. Pl.*, 333; Hughes *a.* Smith, 5 *Johns.*, 168.)

VI. The plea of "privileged communications" is not a shield to the defendants in this action. (*Bouvier's Institutes*, 440; Greenough *a.* Gaskell, 1 *Myl. & Rev.*, 98; Coveney *a.* Tannahill, 1 *Hill*, 34.)

INGRAHAM, J.—In an action for a conspiracy, it is very difficult to limit the extent to which the plaintiff may go in his complaint, in setting out the fraudulent acts complained of.

The rule has been to allow a great latitude in setting out in the complaint the particular acts relied upon, from which the conspiracy is to be inferred, even so far as to allow the individual acts of the conspirators to be averred. This rule was distinctly stated by OAKLEY, J., in Tappan *a.* Powers (2 *Hall*, 277). He says: "It cannot be doubted that if the declaration had averred that all the defendants used the fraudulent means of obtaining plaintiff's property which were charged against one, that such an averment would be supported by proof that they were used in pursuance of a plan concerted among them all; and it seems to me equally clear . . . . the acts of each defendant may be stated to be done individually, and that such act is, in judgment of law, the act of all."

Many of the allegations, therefore, of the individual acts of the defendants, cannot be said to be irrelevant.

So far as they are scandalous they should be stricken out, unless it appears that they relate to the foundation of the plaintiff's action; but if they are acts from which the conspiracy may be proved, the plaintiff has a right to insert them in the complaint.

Judge Harris, in Williams *a.* Hayes (5 *How. Pr.*, 470), states the rule, as to striking out such matters, to be, "whether the allegation in question can be made the subject of a material issue." (See, also, 5 *How. Pr.*, 57, 219.)

Some of the allegations are moved to be stricken out, because they are scandalous, impertinent, irrelevant, or redundant. It cannot be of any use to discuss these different questions separately, but the application of the general rule to this motion has led me to the following conclusion, viz.:

The paragraphs, Nos. 1, 2, 3, 4, 7, 8, 9, 11, 12, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 28, 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 47, 48, 48½, 50, 51, 52, 53, 56, 57, 60, 62, 63, 64, 65, 66, 67, 69, 72, should be stricken out.

I entertain some doubt as to other portions of this complaint, but it may be proper to allow them to stand as connected with the general charge of conspiracy. If the whole complaint is so defective as not to make out a good cause of action, the remedy is by demurrer.

Motion to strike out the paragraphs numbered as above, granted; and denied as to the residue. Costs to abide the event.