## OPDYKE a. MARBLE.

*Supreme Court, First District; General Term, February,* 1865.

### SCANDALOUS MATTER IN AFFIDAVIT.

Where an affidavit made for the purpose of a motion contains scandalous and impertinent matter, the remedy is not to strike out the objectionable part, but to suppress the affidavit, and a motion to do so should not be entertained until the affidavit is offered to be read.

Where, however, the motion to strike out such part is granted before the affi-
davit is presented, if the matter struck out be such as would have rendered it
proper to suppress the affidavit, the court will not, on appeal, reverse the order
striking it out.

This was an appeal from an order made at special term, by
which a part of the plaintiff's affidavit presented on the motion
made by him was struck out as scandalous.

The motion is reported *Ante,* p. 266.

By THE COURT.—INGRAHAM, J.—We entertain much doubt
as to the propriety of striking out part of an affidavit at any
time. Such does not appear to have been the usual practice
even in courts of equity, and, before the Code, was never re-
sorted to in courts of law. The decision of the chancellor in
Powell *a.* Kane (5 *Paige,* 265), seems, however, to sanction
striking out parts of an affidavit as scandalous. The better
practice, however, is to suppress the affidavit, and if it has
been filed, to take it from the file.

We also think it was erroneous to entertain the motion be-
fore the pleading or affidavit is used. The proper course in
regard to an affidavit is, when the same is offered to be read,
to object to it as scandalous, and have it suppressed. A party
has a right to keep in his own possession an affidavit, however
scandalous it may be, if he does not use it in court or put it on
the files, and it is objectionable to allow such motions to be
made in advance of the affidavits being used.

We, however, think the judge did not err in holding that
parts of this affidavit were scandalous and impertinent, and
that it would have been proper for him on that ground to have
suppressed the whole affidavit on the hearing of the motion.

Although it was done in this case before the motion was
made, the plaintiff has sustained no injury because he was al-
lowed to use part of the affidavit, when the whole of it should
have been rejected.

If a party will insert scandalous matter in an affidavit to be
used on a motion, he must submit to have it suppressed, and
not read on the motion. The rules in regard to pleading are
different. There the residue of the pleading remains, after
striking out the scandalous matter, to form the issue.

Although the motion should not have been made before the affidavit was used, still the error in that respect has worked no prejudice to the plaintiff's rights, and we see no reason to reverse the order on that ground.

A part only of the affidavit is suppressed, instead of the whole.

The order is affirmed, but without costs.