## Burke v. New York, N. H. & H. R. Co.

### (*Superior Court of New York City, General Term.* May 4, 1891.)

Pleading—Answer—Separate Statement of Defenses.

In an action in the superior court of New York city against a railroad company to recover the penalty for charging more than the legal fare, (Laws N. Y. 1857, c. 185,) the answer was as follows: "Defendant * * * reserving the objection that this action cannot be maintained by reason of the fact that the summons herein was not served upon the defendant by an officer authorized by law to collect an execution issued out of said superior court, * * * answers the complaint," etc., (stating several matters of defense separately numbered.) *Held*, that a motion to strike out the portion of the answer which reserved the objection to the service of process, or, in the alternative, to require defendant to amend by specifically pleading such matter as a defense, and by separately stating and numbering it, should be granted since, if it is not issuable matter, it should be stricken out, and if it is issuable, and relied on as a defense, it should be separately stated and numbered, as required by Code Civil Proc. N. Y. § 507.[1]

Appeal from special term.

Action by Patrick J. Burke against the New York, New Haven & Hartford Railroad Company to recover the penalty prescribed by Laws N. Y. 1857, c. 185, for charging an excessive rate of fare. Defendant answered as follows: "The defendant above named, by Page & Taft, its attorneys, reserving the objection that this action cannot be maintained, by reason of the fact that the summons herein was not served upon the defendant by an officer authorized by law to collect on execution issued out of the said superior court of the city of New York, (Code Civil Proc. N. Y. § 1895,) and without prejudice, by appearing to defend to its right to insist upon the objection, answers the complaint herein as follows: *First.* It denies," etc., (stating several matters of defense separately numbered.) Plaintiff gave notice of a motion (1) for an order striking out as irrelevant so much of the answer in this action as is embraced within the following words, viz.: "Reserving the objection that this action cannot be maintained by reason of the fact that the summons herein was not served upon the defendant by an officer authorized by law to collect an execution issued out of the said superior court of the city of New York, and without prejudice, by appearing to defend to its right to insist upon the objection." (2) Or, in the alternative, for an order requiring the defendant to make its answer more definite and certain by stating unequivocally and explicitly whether or not it intends the words recited above to constitute a defense to this action, and interposes the same as such. (3) For an order requiring the defendant to state such defense, if the said language be intended as such, and to number the same separately, as prescribed by section 507 of the Code of Civil Procedure.

Freedman, J., granted the motion on the following opinion: "If the objection sought to be reserved by the answer, and which is therein set forth before the statement of the first defense, does not consist of issuable matter, it ought to be stricken out. If it is intended to be issuable matter, and relied upon as a defense, it should be pleaded as such, and stated and numbered separately, so that the plaintiff, if he shall see fit, may test its sufficiency by motion or demurrer. Upon due consideration of the pleadings, I have come to the conclusion that the motion to strike out should be granted, with $10 costs, unless the defendant within twenty days amend the answer by specific-

[1] In Quade v. Railroad Co., 14 N. Y. Supp. 875, it was held that Code Civil Proc. N. Y. § 1895, which provides that the summons in an action for a penalty given by statute to any person who sues therefor "can be served only by an officer authorized by law to collect an execution issued out of the same court," does not apply to an action brought under Laws N. Y. 1857, c. 185, which imposes on any railroad charging more than the legal fare a penalty of $50, "which sum may be recovered, together with the excess so received, by the party paying the same;" an action under the act of 1857 being maintainable only by the person who pays such excess.

ally pleading the matter referred to as a defense, and by separately stating and numbering such defense, and pay the said costs."

Code Civil Proc. N. Y. § 1895, provides that the summons in an action for a penalty or forfeiture given by statute to any person who sues therefor "can be served only by an officer authorized by law to collect an execution issued out of the same court. The summons, when issued, cannot be countermanded by the plaintiff before the service thereof; and, immediately after it has been served, the officer who served it must file it, with his certificate of service, in the office of the clerk, or deliver it, with a like certificate, to the magistrate by whom it was issued, as the case requires."

Argued before SEDGWICK, C. J., and McADAM, J.

*Page & Taft*, for appellant.   *Henry Wehle*, for respondent.

PER CURIAM. The order is affirmed, with $10 costs, upon the opinion delivered at special term.

*(Superior Court of New York City, General Term.   July 2, 1891.)*