PEOPLE ex rel. ALLEN v. MURRAY, Justice.

(Superior Court of New York City, Special Term.   October, 1892.)

1. SCANDALOUS MATTER IN AFFIDAVIT—STRIKING OUT
    Where an affidavit in support of an application for mandamus against a justice contains matter reflecting on the official integrity of respondent, such matter will be stricken out by the court of its own motion as scandalous.

2. SAME—COSTS WHERE COURT ACTS ON ITS OWN MOTION.
    Where the court, of its own motion, strikes matter out of an affidavit filed in a proceeding before the court, no costs will be allowed.

Proceedings in mandamus by the people of the state of New York, on the relation of Charles F. Allen, against Thomas E. Murray, as justice of the district court of the city of New York for the eleventh judicial district, to compel him to enter the proper order and issue the proper warrant in summary proceedings for the possession of leased premises. An affidavit filed in support of the application contained matter reflecting on the official integrity of respondent. Stricken out by the court of its own motion.
For decision on appeal from judgment, see 21 N. Y. Supp. 797.

William H. Secor, for relator.
Allen Murray, for respondent.

McADAM, J. The rule is that an allegation in a pleading or in affidavits of anything which is unbecoming the dignity of the

court to hear, or which is contrary to good manners, or which charges crime not necessary to be shown in the cause, is regarded as scandalous, and will be stricken out. 1 Daniell, Ch. Pl. p. 347; Story, Eq. Pl. §§ 266, 862. If matter is scandalous, it is also impertinent. Scandal tends to injure by making records the means of perpetuating libelous and malignant slanders. 1 Story, Eq. Pl. §§ 269, 270. In scandalum magnatum, words spoken in derogation of a peer, judge, or other high officer of the realm were formerly more reprehensible than defamation of a private person, and much greater is the misconduct when put in writing in the form of a court record to be treasured and preserved for all time to come. The objectionable matter in this instance reflects upon the official integrity of the respondent, and is calculated to bring him into disrepute as a judicial officer. The scandalous matter appears in the affidavit of Mr. Secor, the relator's attorney; is wholly irrelevant to the legal questions presented, and not entitled to a place upon the record. The attorney ought to have known this, and must be censured for his unprofessional conduct. In chancery practice, when a bill or other pleading contained scandal, it was referred to a master to be expunged; and, till this had been done, the opposite party was not required to answer. 3 Bl. Comm. 442. The rule is now more summary. Affidavits and other papers for use on a motion, which are scandalous or contain scandalous statements, may be suppressed by the court, or stricken out of the papers, and not allowed to be used. The court will do this and should do so of its own motion, without an application from the adverse party. People v. Railroad Co., 8 Abb. Pr. (N. S.) 122; People v. Church, 2 Lans. 459; People v. Railroad Co., 57 Barb. 204. Section 545 of the Code is merely declaratory of the common law upon the subject. See Fry v. Bennett, 5 Sandf. 62; Carpenter v. West, 5 How. Pr. 53; Mussina v. Clark, 17 Abb. Pr. 188; Opdyke v. Marble, 44 Barb. 64, 18 Abb. Pr. 375; McVey v. Cantrell, 8 Hun, 522. The court, of its own motion, has stricken out the scandalous matter referred to, with the admonition now given, that the practice of libeling suitors by impertinent and irrelevant language in affidavits or otherwise will not bear repetition in this or any other court of justice. Indeed, had the court known that the papers contained such matter, it would have declined to receive them for judicial action. The dignity of the court, professional ethics, good practice, and the orderly administration of justice, require the rebuke administered. Warren, in his work on Attorneys, speaking of the respect due to the feelings of others, reminds practitioners of the trite, but beautiful, verse:

"Teach me to feel another's woe,
  To hide the fault I see:
The mercy I to others show.
  That mercy show to me."

If errors are to be redressed by corrective measures by a court of review, it can be aided by intelligent legal argument, never by scandal in any form, or to any extent. If the application to expunge had been made on the application of the respondent, the

court would have allowed costs against the attorney personally, under section 545 of the Code. As no such motion was made, no costs will be granted. This opinion is filed in explanation of the red ink lines which appear in the affidavit, striking out the offensive and irrelevant matter aforesaid, and to aid in preventing a repetition of misconduct which has no place in the halls of justice.