CORNELIUS S. HOFFMAN, Appellant, *v.* CHARLES H. WIGHT, Impleaded, etc., Respondent.

The question as to whether a complaint states a cause of action should be raised by demurrer or on trial, and a motion in an action against several defendants to strike out an allegation in the complaint material as against one of the defendants, which will leave plaintiff with no cause of action against him, may not be granted although the allegation may be immaterial as against the other defendants.

(Argued March 13, 1893 ; decided March 21, 1893.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 9, 1893, which affirmed an order of Special Term granting motion to strike out a portion of the complaint.

The original complaint contained two counts each setting forth a judgment recovered in the state of New Jersey against the defendants as copartners, upon service of the summons upon the defendant Newell only. To this complaint, the defendant Wight demurred, on the ground that it was upon foreign judgments obtained without personal service upon him, and did not contain facts sufficient to constitute a cause of action as to him. The plaintiff, thereupon, served an amended complaint, alleging an original indebtedness of the defendants'

to the plaintiff and the recovery of the judgments thereon. To this complaint defendant Wight demurred, on the same ground as to original complaint. Upon a trial of this demurrer the defendant Wight took the position that the action was not upon the original demands, but upon the judgments, and that those judgments, having been procured without service of process upon him, were void as to him, and that, therefore, the complaint did not constitute a cause of action against him. The court directed judgment in favor of the plaintiff, holding that the causes of action were upon the original demands, and that the allegations as to the judgments were surplusage. Leave was given to withdraw the demurrer, and to answer and to make such motion as defendant might be advised. Defendant Wight thereupon withdrew his demurrer and made this motion to strike from the complaint, as irrelevant, all the allegations therein contained in reference to the recovery of the said judgments, and to compel the plaintiff to properly separate and number the causes of action.

The following is the opinion in full:

" This order, as it now stands, strikes out entirely from the complaint certain allegations which, if the action be regarded as upon the judgments obtained in New Jersey, are in any event material, so far as the defendant is concerned, who is impleaded with the defendant Wight.

" Whether the allegations are relevant and material as against Wight depends upon what force is to be given to the judgments obtained in New Jersey as against him.

" It may be that the defendant is right in his contention that the judgments are of no validity for any purpose whatever as against him.

" The result of the order here made is to strike out what is at all events a material allegation against the other defendant and to leave the plaintiff with no cause of action whatever against such defendant, assuming that his cause of action as alleged was one upon the judgments. We think the case is not within the proper scope of the section of the Code (545) which allows irrelevant and redundant matter to be stricken out.

" The question whether the complaint contains a cause of

action against defendant Wight, taking in all the allegations, ought to be raised either by a demurrer or else upon a trial of the case, when evidence is offered, or at the close of the case, by a motion for a nonsuit, or in some other proper way.

" Without further discussing the question and without deciding the point as to the effect of the New Jersey judgments against defendant Wight, we are clear this is not the proper form to raise the question.

" The orders should be reversed, with costs to appellant in all courts, and the motion to strike out should be denied, with ten dollars costs."

*Alex. Thain* for appellant.

*Ira B. Stewart* for respondent.

PECKHAM, J., reads for reversal.
All concur.
Orders reversed.