### MASON v. DUTCHER.

(Common Pleas of New York City and County, Special Term.    April 9, 1895.)

1. PLEADING—MOTION TO STRIKE OUT.
   A motion to strike out an answer will not lie where there is a semblance of a defense pleaded.
2. SAME—ANSWER—PARTIAL DEFENSE.
   On demurrer to an answer it will be assumed that the facts are pleaded as a complete defense, unless they are expressly pleaded as a partial defense.
3. SAME—FORM OF DENIAL.
   An answer which denies "the allegations of the complaint, and each and every one of them, except as hereinbefore controverted or admitted," is sufficiently definite and certain

Action by Mason against Dutcher.    Plaintiff moves to strike out certain defenses contained in the answer, and to compel defendant to make the answer more definite and certain.

J. Noble Hayes, for plaintiff.
Frank Loomis, for defendant.

GIEGERICH, J.    It is well settled that, where there is a semblance of a cause of action or defense set up in a pleading, its sufficiency cannot be determined on a motion to strike it out as redundant or irrelevant.    Walter v. Fowler, 85 N. Y. 621; Bradner v. Faulkner, 93 N. Y. 515, 518.    The matters sought to be expunged from the answer as irrelevant and redundant, considered together, constitute, in my opinion, more than a semblance of a defense to the cause of action alleged in the amended complaint, and hence the motion to strike out the same should be denied.    I think, however, that the words referred to in that part of the notice of motion designated "C 7th" are scandalous (see People v. Murray [Super. N. Y.] 22 N. Y. Supp. 1051), and therefore should be stricken out.    The plaintiff also moves to require the defendant "to make his answer more definite and certain by stating unequivocally and explicitly whether or not he intends the words or matters referred to in subdivisions numbered 'II. to IX., both inclusive, and subdivision XI.,' to constitute a defense to such action, or any part thereof, and interpose the same as such."    The object in doing so is stated in plaintiff's brief to be "to compel the defendant (under section 546 of the Code) to state definitely whether he intends the separately numbered paragraphs of the answer denominated further defenses as separate and distinct defenses, so that the plaintiff may have an opportunity of demurring to them."    Answers are separated by the Code into two classes:    Those which consist of denials, and therefore serve the sole purpose of raising a direct issue upon the plaintiff's allegations; and those termed "new matter,"—that is, facts different from those averred by the plaintiff, and not embraced within the judicial inquiry into their truth.    Pom. Rem. pp. 675, 676, § 593.    The Code prescribes that "each defense or counterclaim must be separately stated and numbered."    Code Civ. Proc. § 507.    "This," said Sanford, J., in Bridge v. Payson, 5 Sandf. 216, in passing upon a similar provision contained in the

old Code, "means nothing more than there shall be a plain and concise statement of any new matter constituting a defense. Each statement intended as a defense must be complete in itself, but the Code does not require any formal commencement in conclusion of such statements. On the contrary, the whole spirit of the Code is hostile to both." The Code further prescribes:

"A partial defense may be set forth as prescribed in the last section; but it must be expressly stated to be a partial defense to the entire complaint or to one or more separate causes of action therein set forth. Upon a demurrer thereto, the question is whether it is sufficient for that purpose." Code Civ. Proc. § 508.

It is well settled that a partial defense must be pleaded as such, and, unless so pleaded, it will be assumed on demurrer that the facts in relation thereto are pleaded as a complete defense. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675; Pom. Rem. (3d Ed.) § 608, p. 690. The case of Burke v. Railroad Co. (Super. N. Y.) 15 N. Y. Supp. 148, cited by plaintiff's counsel, has no application to the case at bar. The former was brought against a railroad company to recover a penalty for charging more than the legal fare. A portion of the answer was:

"Defendant, reserving the objection that this action cannot be maintained by reason of the fact that the summons herein was not served upon the defendant by an officer authorized by law to collect an execution issued out of said superior court, answers the complaint," etc.

Upon a motion to strike out this portion of the answer, or, in the alternative, to amend it by stating unequivocally whether or not it was intended as a defense, and, if so, to separately state and number it, the court in granting the motion said:

"If it is intended to be issuable matter, and relied upon as a defense, it should be pleaded as such, and stated and numbered separately, so that the plaintiff, if he shall see fit, may test its sufficiency by motion or demurrer."

In the present case the portions of the answer complained of clearly indicate that the matters set up are intended as a complete defense, and, there being no statement to the contrary, it must be assumed that the answer refers to the entire complaint, which sets forth but a single cause of action. Code Civ. Proc. § 507. For these reasons the defendant should not, in the respects referred to, be required to make the answer more definite and certain. I have given due consideration to the questions presented by that part of the notice of motion designated as "I. 18th, 19th, and 20," and am of the opinion that the denial contained at folio 64 of the answer is clear and explicit, and leaves no room for doubt as to what was intended to be denied. Except an admission that the defendant signed the agreement set forth in the answer, he denies the making of any contract with the plaintiff as alleged in the complaint. The denial contained at folio 71 is also clear and definite, and the same, as well as the denial last referred to, is sanctioned by the authorities. Mingst v. Bleck, 38 Hun, 358; Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740. Consequently the motion to make these portions of the answer more definite and certain or to strike them out should

be denied. The last paragraph of the answer "denied the allega-tions of the complaint. and each and every one of them, except as hereinbefore controverted or admitted"; and plaintiff moves to make the same more definite and certain, "by pointing out or indicating clearly and explicitly what allegations of the complaint are intended to be reached thereby," or to strike out the said words. The form of the denial is sanctioned by the decision in Griffin v. Railroad Co., supra, in which the denial was almost identically the same as in this case. There is no difficulty in ascertaining what is admitted and controverted before the last paragraph of the answer is reached. This is clearly specified by the other paragraphs of the answer. Con-sequently there is no doubt or confusion as to the application of this general denial, and therefore the motions referred to should be de-nied. It follows, therefore, that, with the exception of striking out certain words as scandalous, which are set forth in that part of the notice of motion designated "C. 7th," the other motions should be denied; but, as both parties have been successful in part, neither of them should have any costs as against the other.