## MORGAN v. BENNETT.

(Supreme Court, Special Term, New York County. August 9, 1899.)

LIBEL—STRIKING OUT DEFENSE.

 In an action for libel, a defense pleading facts in mitigation will not be stricken out as irrelevant and redundant, where it shows a semblance of a defense to the cause of action, but its sufficiency will be left to be determined on the trial.

Action by Albert J. Morgan against James Gordon Bennett. Motion by plaintiff to strike out parts of the answer. Denied.

Hatch & Wickes, for the motion.
Jay & Candler, opposed.

McADAM, J. The action is for libel, and the plaintiff moves to strike out the second, third, and fourth partial defenses, pleading facts in mitigation. Such motions are not favored (Baylies, Code Pl. 363; Hoffman v. Wight, 137 N. Y. 621, 33 N. E. 554), and where there is a semblance of a cause of action or defense set up in a pleading its sufficiency cannot be determined on a motion to strike out as irrelevant or redundant (Hatch v. Matthews, 85 Hun, 523, 33 N. Y. Supp. 332; Mason v. Dutcher [Com. Pl.] 33 N. Y. Supp. 689; Walter v. Fowler, 85 N. Y. 621). Whether a defense is or is not bad cannot be determined on motion, the proper remedy being by de-

murrer. Smith v. Turquoise Co., 77 Hun, 192, 28 N. Y. Supp. 329; Walter v. Fowler, supra; Hoffman v. Wight, 137 N. Y. 623, 33 N. E. 554. There is little benefit in motions of this kind, and there may be much harm if the power to strike out is exercised (Town of Essex v. New York & C. R. Co., 8 Hun, 361), or, as the court in St. John v. Griffith, 1 Abb. Prac. 40, said:

"This class of motions is not to be encouraged. They involve generally a very great, and in some instances a very fruitless, consumption of time, to the prejudice of matters of substance, and the delay of other suitors. Technical obstructions are not in harmony with the spirit of the age, either in the old world or the new. Courts of justice nowadays are expected to try cases, and not pleadings. And, provided the parties are reasonably notified in advance of what they are expected to meet on the trial, it is all that should be required of their adversaries, and all that is of any use in written preliminary statements."

Motion denied, with $10 costs to abide event.