DORA S. HOLBROOK BROWN and Others, Appellants, *v.* ANN ELIZA FISH, Respondent, Impleaded with MABEL G. PEABODY and Others, Defendants.

*Matter irrelevant as to one defendant but material as to another, not stricken out.*

Allegations of a complaint which are irrelevant and redundant as to one of the defendants should not be stricken out upon the motion of such defendant, where it appears that such allegations are material to the cause of action alleged against the other defendants.

APPEAL by the plaintiffs, Dora S. Holbrook Brown and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Suffolk on the 21st day of March, 1902, granting the motion of the defendant Ann Eliza Fish to strike out certain portions of the complaint as irrelevant and redundant.

*Francis W. Russell* [*Joseph Fischer* with him on the brief], for the appellants.

*Herbert L. Fordham,* for the respondent.

WILLARD BARTLETT, J. :

If this action were against the defendant Ann Eliza Fish alone, I should think that the order appealed from ought to be affirmed.

So far as this defendant is concerned, the matters stricken out seem at the most to be statements of evidence which it would be competent for the plaintiffs to put in by way of proof upon the trial, but which are not essential to an adequate statement of the plaintiff's cause of action against her.

The difficulty in sustaining the order, however, arises out of the fact that there are other defendants who are not parties to the motion; and, as against these defendants, the portions of the complaint which have been stricken out constitute a material part of the cause of action upon which the plaintiffs rely. The case in this respect seems to be in all essential particulars similar to *Hoffman* v. *Wight* (137 N. Y. 621), in which the Court of Appeals said : " The result of the order here made is to strike out what is at all events a material allegation against the other defendant and to leave the plaintiff with no cause of action whatever against such defendant, assuming that his cause of action as alleged was one upon the judgments. We think the case is not within the proper scope of the section of the Code (545) which allows irrelevant and redundant matter to be stricken out."

For the reason indicated, the order under review was erroneously made, and must be reversed.

All concurred.

Order reversed, with ten dollars costs and disbursements.