### BROWN et al. v. FISH.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. COMPLAINT—STRIKING OUT PARTS—MOTION BY ONE DEFENDANT.
   A motion by one defendant to strike from the complaint matters which are not essential to an adequate statement of the cause of action against her, but are a material allegation against the other defendants, is not within the proper scope of Code Civ. Proc. § 545, allowing irrelevant and redundant matter to be stricken out.

Appeal from special term, Suffolk county.

Action by Dora S. Holbrook Brown and others against Ann Eliza Fish and others. From an order granting the motion of defendant Fish to strike out certain allegations of the complaint as irrelevant and redundant (75 N. Y. Supp. 460), plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Francis W. Russell (Joseph Fischer, on the brief), for appellants. Herbert L. Fordham for respondent.

WILLARD BARTLETT, J. If this action were against the defendant Ann Eliza Fish alone, I should think that the order appealed from ought to be affirmed. So far as this defendant is concerned, the matters stricken out seem, at the most, to be statements of evidence which it would be competent for the plaintiffs to put in by way of proof upon the trial, but which are not essential to an adequate statement of the plaintiffs' cause of action against her.

The difficulty in sustaining the order, however, arises out of the fact that there are other defendants who are not parties to the motion, and as against these defendants the portions of the complaint which have been stricken out constitute a material part of the cause of action upon which the plaintiffs rely. The case in this respect seems to be in all essential particulars similar to Hoffman v. Wight, 137 N. Y. 621, 33 N. E. 554, in which the court of appeals said:

"The result of the order here made is to strike out what is, at all events, a material allegation against the other defendant, and to leave the plaintiff with no cause of action whatever against such defendant, assuming that his cause of action as alleged was one upon the judgments. We think the case is not within the proper scope of the section of the Code (section 545) which allows irrelevant and redundant matter to be stricken out."

For the reason indicated, the order under review was erroneously made, and must be reversed.

Order reversed, with $10 costs and disbursements. All concur.