ADOLPH PAVENSTEDT, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

*Motion to strike out allegations of a complaint, setting forth special damages arising out of the non-payment of a draft— questions whether a cause of action or defense is pleaded should be determined on demurrer or on the trial, not on motion.*

Orderly practice requires that where a question arises as to whether a pleading states a cause of action or a defense, such question should be determined by a demurrer or upon the trial of the action. This is especially the case where the question arises as to the measure of damages.

Where, in an action brought to recover upon a draft, which the defendant, after accepting, refused to pay, the plaintiff claims to be entitled to recover not only the amount of the draft, but also certain special damages which he claimed to have sustained in consequence of the defendant's refusal to pay the draft, it is improper for the court to strike out as frivolous and irrelevant the allegations of the complaint setting forth the facts upon which the plaintiff's claim to recover the special damages in question was based, and thus to determine on motion the question of the right of the plaintiff to recover such damages.

APPEAL by the plaintiff, Adolph Pavenstedt, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of August, 1904, striking out certain portions of the complaint as frivolous and irrelevant.

*Robert E. L. Lewis,* for the appellant.

*James H. McIntosh,* for the respondent.

HATCH, J. :

The complaint avers that on or about the 22d day of May, 1902, at the city of Bucaramanga, United States of Colombia, the defendant made and delivered to one Gonsalez its certain negotiable bill of exchange or draft in writing, whereby it required itself to pay to the order of said Gonsalez in New York $4,181.60 ; that on or about the 23d day of May, 1902, the said Gonsalez, at Bucaramanga, indorsed, sold and delivered said bill of exchange to Breuer, Moller & Co., of Bucaramanga, and received in consideration therefor $234,169.60 in the money of the United States of Colombia, $1 of the United States of America being worth $56 of the money of the United States of Colombia ; that on or about the 17th day of July, 1902, said purchasers, through their correspondents in New York city, duly presented said draft to the defendant for acceptance, but defendant refused to accept the same ; it was duly protested for non-acceptance, and upon the 21st day of July, 1902, was duly presented to the defendant and payment thereof demanded, which was refused ; whereupon the same was duly protested for non-payment; that said draft thereafter was duly returned to Breuer, Moller & Co., and on or about the 25th day of August, 1902, Breuer, Moller & Co. returned the same to Gonsalez and demanded of him the face of the draft in the value of the money of the United States of America, together with interest and protest fees; that at the time the said last-mentioned demand was made upon Gonsalez, $1 of the United States of America was worth $90 of the United States of Colombia, and that by reason of the refusal of the defendant to pay the draft said Gonsalez was compelled to and did procure at Bucaramanga the sum of $4,204.86, and was compelled to pay and did pay therefor the sum of $376,344 of the United States of Colombia, whereby the said Gonsalez suffered damages in the sum of $1,579.72 of the money of the United States of America. The complaint further avers that prior to the commencement of this action the said Gonsalez duly assigned his cause of action thereon to the plaintiff. The complaint demands judgment for the face of the draft, with interest, protest, fees and the additional damage

which plaintiff's assignor was compelled to pay on account of the depreciation of the money of the United States of Colombia, as above set forth. The defendant moved at Special Term to strike from the complaint all the allegations of special damages which occurred on account of the depreciation of the money of the United States of Colombia from the time Gonsalez sold said draft to Breuer, Moller & Co. to the time he was compelled to repay them. The court below granted this motion, and from the order entered thereon this appeal is taken.

We are not called upon at this time, nor was the court below upon the motion, to determine whether or not the plaintiff was entitled to recover the special damages averred in his complaint. His right to judgment, however, upon this claim is foreclosed and determined by the order which has been made. Orderly practice requires, where the question arises as to whether the pleading states a cause of action or a defense, that it should be determined by a demurrer or upon a trial, either at the opening thereof or when evidence is offered or at the close of the case by motion to the court. (*Hoffman* v. *Wight*, 137 N. Y. 621.) Especially is this the case where the question arises as to the measure of damages. The effect of the order is to grant judgment in favor of the defendant on this question upon motion. Such practice is improper. (*Durham* v. *Durham*, 99 App. Div. 450.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.