(117 App. Div. 127)

FOX v. CHAPMAN.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

PLEADING—STRIKING OUT MATTER.
    In an action for death, it was error for the court, on motion before trial, to strike out allegations of the complaint as to moneys expended for nursing and medical attendance, as the proper practice was to present the question by demurrer or on the trial.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1147–1162.]

Appeal from Special Term.

Action by Frederick Fox, as executor, against John D. Chapman. From an order striking out a portion of the complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Alison M. Lederer, for appellant.
John W. Walker, for respondent.

McLAUGHLIN, J. This is the ordinary negligence action to recover damages alleged to have been sustained by the widow and next of kin by reason of the death of plaintiff's testator. The complaint alleges that the testator was injured on the 25th of October, 1903, and as a result of such injuries he died on the 13th of September, 1904. Then follows this allegation:

"That during the interval between the said 25th day of October, 1903, and the 13th day of September, 1904, large sums of money were necessarily expended on behalf of the said Henry Vizethann by his widow for hospital room and board, and for medical attendance and nursing and medicines and medical appliances, and after his decease as aforesaid for sepulture and funeral expenses."

Before an answer had been interposed the defendant moved to strike out the allegation quoted, on the ground that the same was "superfluous and unnecessary, and that the expenses therein alleged to have been incurred are not properly recoverable as items of damage." The motion was granted, except as to the "sepulture and funeral expenses," and plaintiff has appealed.

We are not called upon at this time to determine, nor was it proper for the court below to do so, whether the damages alleged in the allegation stricken out are recoverable. The plaintiff's right to judgment, however, upon this claim, is barred and forever foreclosed by the order which has been made; in order words, the trial of that issue has been determined upon a motion. Such practice is improper. Durham v. Durham, 99 App. Div. 450, 91 N. Y. Supp. 295. The proper practice, where a question arises as to whether a pleading states a cause of action or a defense, is to present the question by demurrer, or else upon, the trial, either at the opening or when the evidence is offered, or at the close of the case, by motion. Hoffman v. Wight, 137 N. Y. 621, 33 N. E. 554; Walter v. Fowler, 85 N. Y. 621. And especially is this true where the question arises as to the measure or items of damage. Pavenstedt v. New York Life Ins. Co., 103 App. Div. 36, 92 N. Y. Supp. 853.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to strike out denied, with $10 costs. All concur.