FRANK C. ARMSTRONG, Respondent, *v.* GEORGE L. RICKARD, Otherwise Known as "TEX" RICKARD, and Others, Appellants.

First Department, February 10, 1922.

**Motions and orders — receivers — irrelevant affidavits offered in support of application for receiver of alleged copartnership suppressed and stricken from files of court.**

Affidavits, filed by the plaintiff in support of an application for the appointment of a receiver of an alleged copartnership, which relate entirely to an alleged assault of the plaintiff by the defendant and have no relevancy to the matter involved in the application, should on motion be suppressed and stricken from the files of the court.

APPEAL by the defendants, George L. Rickard and others, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1921, denying the motion of the defendants Madison Square Garden Corporation and Madison Square Garden Sporting Club, Inc., for an order suppressing certain affidavits filed subsequently to and in support of an application for the appointment of receivers in the above-entitled action and striking said affidavits from the files of the court, on the ground that they were scandalous, impertinent and irrelevant.

*Nathan Burkan,* for the appellants.

*Thomas J. O' Neill,* for the respondent.

MERRELL, J.:

The plaintiff had noticed a motion for the appointment of a receiver herein (See *Armstrong* v. *Rickard,* 199 App. Div. 880), and before said motion came on to be heard the plaintiff claims that on November 4, 1921, in company with three companions he attended a boxing match at Madison Square Garden, and that while there he was assaulted by the defendant and seriously injured. The affidavits sought to be suppressed relate entirely to the occurrence connected with said alleged assault, and seem to me to have no relevancy whatever to the application for the appointment of a receiver in support of which they were offered. The Special Term denied defendants', motion to suppress, and from the order denying the same this appeal is taken.

The affidavits sought to be suppressed are four in number. They are the affidavits of Frank C. Armstrong, the plaintiff, verified November 7, 1921; of Albertus A. Moore, verified November 5, 1921; of Thomas J. O'Neill, plaintiff's attorney, verified November 7, 1921; and of Frank Fisher, verified November 5, 1921. The fact that the defendant may have assaulted the plaintiff, as claimed in said affidavits, can have no possible bearing upon the question as to the right of the plaintiff to the appointment of a receiver of the alleged copartnership. The averments of said affidavits are entirely irrelevant to the matter involved in the application, and, therefore, should be suppressed and stricken from the files of the court. (*Bulova* v. *Barnett, Inc.,* 193 App. Div. 161;

*Opdyke* v. *Marble*, 18 Abb. Pr. 375; *Allen* v. *Murray*, 23 Civ. Proc. Rep. 53; Alderson Receivers [1905 ed.], 78, note.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendants' motion to suppress should be granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.