### TAYLOR v. TAYLOR et al.

(*Supreme Court, Special Term, New York County.* February 12, 1891.)

JUDGMENT—RES JUDICATA.

In an action to charge defendant as trustee for plaintiff in land alleged to have been purchased by defendant with money stolen from plaintiff, a judgment in defendant's favor, based on a finding that she had not stolen plaintiff's money, is a bar to a subsequent action in which plaintiff seeks precisely the same relief as to another piece of land, alleged to have been purchased by defendant with the proceeds of the same theft.

Action by Washington H. Taylor against Catherine Taylor and another to compel a conveyance from defendants to plaintiff of certain real estate. Defendants answered, and plaintiff now demurs to the answer on the ground of insufficiency. For a former action in which plaintiff sought the same relief as to another piece of land, see 13 N. Y. Supp. 55.

*Charles Wehle*, for plaintiff. *Fullerton & Rushmore*, for defendants.

PATTERSON, J. The question arising on this demurrer is whether the defense set up in the sixth subdivision of the answer of the defendant Catherine Taylor is good as a bar to the present action. The material allegations of the complaint are that between June 20, 1879, and February 3, 1883, the plaintiff was engaged in the business of keeping and managing an hotel and restaurant in the city of New York and accumulated a large sum of money, and that during that period the defendant Catherine Taylor, his wife, took from the safe in which the plaintiff deposited his moneys a large sum, to-wit, about $40,000, without the knowledge or consent of the plaintiff, and with $16,000 of the money thus embezzled purchased the property mentioned in the complaint and caused it to be conveyed to her co-defendant; and by this suit plaintiff seeks to have the property thus purchased with the alleged abstracted money declared to be his, and to require a conveyance of it to him. Among other defenses, the one to which this demurrer applies sets up that in another action between this plaintiff and the defendant Catherine Taylor and another defendant, and in which precisely the same relief was asked as to another piece of real estate, a judgment was rendered after trial, and in the findings of the court it was held and adjudged that the defendant Catherine Taylor had not abstracted, during the period of time stated in the complaint in this action, any moneys belonging to the plaintiff. There is no doubt that in the former suit the same allegation was made respecting the alleged embezzlement by the wife, and that there is no difference whatever either as to amounts or time connected with this alleged abstraction. The question, therefore, is this: It having been found in the former action that the defendant Catherine Taylor did not abstract moneys of the plaintiff as charged in the complaints in both actions, is the prior judgment, based upon that finding, *res adjudicata*, and a bar to a subsequent suit in which another piece of property was involved? The general rule respecting the bar of a prior judgment has found its last formulation in the case of *Lorillard* v. *Clyde*, 122 N.

Y. 47, 25 N. E. Rep. 292, and it is there said that "a judgment rendered on the merits is co-extensive with the issues upon which it is founded, and is conclusive between the parties thereto, not only as to the matters actually proved, argued, and submitted for decision, but also as to every other matter directly at issue by the pleadings which the defeated party might have litigated." That is a very comprehensive and accurate statement of the law but there are two ways of considering judgments set up in bar,—that is, there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action on the same demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action; and upon this subject it is sufficient to refer to the opinion of Mr. Justice FIELD in *Cromwell* v. *Sac Co.*, 94 U. S. 351. Here it is claimed by the plaintiff that the causes of action are different, but the difference consists only in the attempt to follow the moneys alleged to have been abstracted into different parcels of real estate. Assuming there is a difference in the causes of action by reason of this circumstance, the judgment in the former action operates, to use the language of Mr. Justice FIELD, "as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated or determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." Assuming again, for the purposes of this demurrer, that the actions are different because they relate to different pieces of realty, we find, nevertheless, that the great fact upon which both actions were predicated is the alleged theft of moneys by the wife from the husband, part of which moneys were claimed to have been invested by her in the Thirty-Third street property in the former suit, and in the Bond street property in this suit. The essential thing to be established in both actions was the origin and source of the money thus invested by the wife, and, after trial, judgment has been pronounced in the former action that she did not steal her husband's money, and did not commit the acts which are made the very basis of this suit. The mere difference of investment cannot affect the question of the origin of the fund, nor change that issue, which would be the only ground of recovery in both cases, and that has been held in this state in the case of *Gardner* v. *Buckbee*, 3 Cow. 120. There judgment had been recovered by the defendant in an action in the marine court upon a promissory note given on the sale of a vessel, and the defense was fraud. Subsequently the same defendant was sued in the common pleas on another note given on the same purchase, and it was held that the former judgment was a conclusive bar to the second action. Here the case made is the purchase of another piece of property with another portion of the same abstracted moneys. The rule of decision should be the same in both cases. The demurrer must be overruled, with costs.