\* WASHINGTON H. TAYLOR, Appellant, *v.* CATHARINE TAYLOR and Another, Respondents.

*Former adjudication a bar — where the complaints, in each of two actions between the same parties, each alleges embezzlement, and they differ only in the disposition made of the money embezzled.*

In an action brought by a husband against his wife to recover certain real estate, it was alleged in the complaint that the wife unlawfully and wrongfully took and embezzled large sums of the plaintiff's money, and without his consent bought, with a part thereof, a house on Broad street in New York city.

In a prior action between the same parties the allegations of the complaint were precisely similar, except as to the manner in which the wife was alleged to have invested the moneys of the plaintiff, which in that instance was declared to be in property on West Twenty-third street, in said city, and the relief sought was to have the title to that property declared to be vested in him.

Upon the trial of the earlier action the court found, as matter of fact, that his wife did not do the acts complained of and dismissed the complaint.

*Held,* that the former action was a bar to the second one.

That the gravamen of the complaint, and the indispensable fact to be proved, *i. e.,* the embezzlement of the money, was the same in both actions, and that the allegation as to the manner of investment was immaterial, except as it bore upon the remedy.

Appeal by the plaintiff Washington H. Taylor from an order made at the New York Special Term, February 16, 1891, overruling a demurrer to the answers of the defendants, and from the judgment entered thereupon, on the 28th day of February, 1891, in the office of the clerk of the county of New York.

The complaint in a prior action between the parties set forth, in substance, that between the 23d day of June, 1879, and the 3d day of February, 1883, the defendant unlawfully and wrongfully took and embezzled large sums of money, the property of the plaintiff, and without his consent invested the sum of about $15,000, in the purchase of a house and lot in West Twenty-third street in the city of New York. By appropriate and sufficient allegations the plaintiff sought, as a part of his remedy, to recover the title to the real estate alleged to have been purchased by the moneys charged to have been embezzled. The court, upon the trial of the issues joined, among other things, decided, as matters of fact, that the defendant Cath-

---

\* Decided December, 1891.

arine Taylor did not during the period alleged take and embezzle large sums of money, the property of the plaintiff, or invest the same, and dismissed the complaint upon the merits.

In the case at bar the plaintiff for his cause of action alleges, that the defendant Catharine Taylor, during precisely the same period mentioned in the former complaint, unlawfully and wrongfully took and embezzled large sums of money, the property of the plaintiff, to wit, the sum of about $40,000, and used the sum of about $16,000 thereof in the purchase of a house and lot on the southerly side of Bond street in the city of New York, and for relief asks that the title thereof be decreed to be vested in him. The defendants set up the former judgment in bar of this action, to which the plaintiff demurred, and the trial court decided, as matter of law, that the findings and judgment in the former case operated as a conclusive barrier to the alleged cause of action. From the judgment entered upon such decision this appeal is taken.

*Noah Davis* and *Charles Wehle*, for the plaintiff, appellant.

*William Fullerton* and *Benjamin Scharps*, for the respondents.

LAMBERT, J.:

Counsel for the appellant concedes the rule, that every material question of law or fact involved in the issue in the former action must be regarded as determined by the final judgment in that action, and cannot be made the subject of judicial investigation in this case, but claims that the plaintiff in either case was but pursuing a remedy in the nature of an action *in rem;* that the judgment sought in the respective actions was the determination of title to distinct and different parcels of land, and that, therefore, as a necessary conclusion, the finding by the court that the defendant's wife did not, between the 23d day of June, 1879, and the 3d day of February, 1883, embezzle large sums of money of the plaintiff was not the determination of a material or indispensable fact to the plaintiff's right of action. To this proposition we cannot lend our assent.

The gravamen of the complaint was the wrongful taking of the money, and whether it was invested was immaterial, so far as the right of action for the money was concerned; and simply because the

plaintiff sought to pursue the avails of the money wrongfully taken as a means of restoration, instead of relying upon a judgment for damages, could not deprive the case of the fundamental elements upon which his right of action was based. Upon the theory that the moneys invested were his, an equity would be established in the land in his favor as between him and the wrong-doer; and, for the purpose of affording relief as against the wrong-doer the court, by legal requirement, would adjudge the title to be in him. The investment of the moneys by the defendant's wife did not create a cause of action independent of the act of wrongful taking, and the allegation respecting the investment was immaterial, except for the purpose of reaching the property as a means of redressing the injury resulting from the wrongful taking of the money. It follows, as a necessary result, that the allegation of embezzlement was not only an indispensable fact to be alleged and proven to sustain the action for the recovery of the land, but was the foundation for the support of the judgment demanded. It was, therefore, one of the issues litigated by the parties upon the former trial, and is conclusive as a bar to this action within the rule established by the case of *Lorillard* v. *Clyde* (122 N. Y., 41), and the cases cited. It is there held that a defeated party is concluded from litigating the issues upon which a judgment upon the merits is rendered, and every other matter directly at issue by the pleadings which the defeated party might have litigated.

The conclusion reached necessarily disposes of the suggestion made by the learned counsel for the appellant, that the only moneys in controversy in the former action were those invested in the purchase of the Twenty-third street property, and that, therefore, the judgment entered upon the finding, that the defendant did not embezzle large sums of money, does not preclude the plaintiff from showing that other moneys were embezzled by the defendant and invested in lands on Bond street. The principal issue in either case being whether or not the defendant did embezzle large sums of money as the basis of his action, the finding by the court that the defendant did not embezzle large sums of money, and the judgment entered thereupon, becomes conclusive upon that issue within the rule stated in the case cited, that the defeated party is concluded by

all the issues which might have been litigated, and we may assume that had the plaintiff established the fact that the defendant did embezzle moneys of the plaintiff, other than those in the Twenty-third street property, the court would have so found, and the judgment entered in the action upon such findings would have saved this action from the conclusive operation of that judgment.

The judgment should be affirmed, with costs.

DANIELS, J., concurred.

Judgment affirmed, with costs.