(99 App. Div. 450)

### DURHAM v. DURHAM.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. MARRIAGE—ACTION FOR SEPARATION OR DIVORCE—COUNTERCLAIM.

Code Civ. Proc. § 1770, providing that in an action for divorce or separation a cause of action against the plaintiff for divorce or separation may be interposed as a counterclaim, does not authorize a defense by way of counterclaim on facts which would authorize the annulment of the marriage.

¶ 1. See Divorce, vol. 17, Cent. Dig. § 11.

**2. RES JUDICATA—ACTION FOR SEPARATION.**

A judgment in favor of a wife in an action by her for separation from her husband was res judicata as to the validity of the marriage, and a bar to a subsequent action by him to annul it.

**3. PRACTICE—MOTION FOR FINAL JUDGMENT—PROPER TIME FOR MAKING.**

A motion for a final judgment on the pleadings should be made at the trial, and not previously.

Appeal from Special Term, New York County.

Action by Arthur Durham against Cora W. Durham to annul a marriage contract. From an order denying defendant's motion for a final judgment on the pleadings, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward Lazansky, for appellant.

David May, for respondent.

HATCH, J. This action was brought to annul a marriage contract subsisting between the parties hereto, upon the ground that the consent of the plaintiff was procured thereto by fraud and duress practiced upon him by the defendant. The answer admitted the marriage, denied the other material allegations of the complaint, and further averred, for a separate defense, that an action for a separation was brought in the Supreme Court, Kings county, by the defendant herein against the plaintiff; that the plaintiff appeared therein and answered; that the cause of action which he has pleaded in the complaint had accrued at that time, but that he did not plead it either as a counterclaim or by way of defense; that the said action resulted in a judgment in favor of the plaintiff therein, granting her a separation and directing him to pay alimony. The said judgment further decreed that the said Cora W. Durham was the lawful wife of the said Arthur Durham. Upon motion of the defendant, the plaintiff was directed to reply to the affirmative defense set forth in defendant's answer. Thereafter the plaintiff served a reply to the answer, in which he averred that, under and by virtue of the statute in such case made and provided, the cause of action made and set forth in the complaint herein could not have been pleaded as a counterclaim or defense in said separation action, nor did the same constitute a counterclaim or defense thereto. The defendant then moved for a judgment dismissing the complaint upon the pleadings. The motion was denied, and from the order entered thereon this appeal is taken.

We agree with the learned court below that the plaintiff could not have pleaded the facts averred in his complaint by way of counterclaim to the separation action. In matrimonial actions jurisdiction is derived from the statute relating to such subject. There exists no common-law jurisdiction over the matter, and the court, in administering the same can only exercise such jurisdiction as the statute confers, or such as is necessarily incidental to the exercise of the power conferred thereby. Erkenbrach v. Erkenbrach, 96 N. Y. 456. Section 1770 of the Code of Civil Procedure makes provision for a defense by way of counterclaim, but in its

application it is limited to an action for a divorce a vinculo and a mensa et thoro. A defense by way of counterclaim upon facts which would authorize the annulment of a marriage is not provided for in the section, and does not seem to be authorized by any other statute. That a counterclaim is not permissible as a pleading under such circumstances was held in Taylor v. Taylor, 23 Misc. Rep. 566, 55 N. Y. Supp. 1052, affirmed by this court, without opinion, 68 App. Div. 638, 74 N. Y. Supp. 1148. Such conclusion, however, does not meet the present situation. While the plaintiff herein could not have pleaded the matter by way of counterclaim, he was not deprived of pleading the matter in defense to the action of separation. The existence of a valid marriage lies at the foundation of the right to maintain matrimonial actions. The right to judgment in an action for separation is dependent upon the facts showing a disregard of the obligation and duty which arise out of the marital obligation, and can only attach when such relation exists. In the action of separation, therefore, the plaintiff was required to establish the existence of a valid marriage, as a prerequisite to her right to a judgment compelling the fulfillment of the obligation and duty which flowed therefrom. If there was failure to establish the existence of a valid marriage contract, there would, of necessity, be failure to establish any obligation or duty owed by the plaintiff to the defendant, as it could only arise out of such a contract. It necessarily follows that, if there existed no valid marriage, it would have constituted a complete defense to the action for separation, for, if established, it would appear that the plaintiff never had a cause of action, as no legal obligation or duty upon the part of the defendant to her could possibly arise. The matter set forth in the present complaint was therefore available to the plaintiff in this action as a defense to the action for separation. The issue of marriage between the parties in the last-named action was directly and necessarily involved, and no judgment could proceed from the court in favor of the plaintiff therein unless it was established. Consequently, when judgment passed in that action in favor of the plaintiff, it necessarily established the existence of a valid marriage; and, so long as the judgment stands, it is conclusive of such question upon the parties to the litigation. Such a situation brings the case directly within the rule announced in Pray v. Hegeman, 98 N. Y. 351, as it was a matter comprehended within the issue involved, and could have been actually litigated therein and determined. Indeed, the issue was necessarily determined by the judgment which was pronounced. That such a judgment is res adjudicata was expressly held in Townsend v. Van Buskirk, 22 App. Div. 441, 48 N. Y. Supp. 260. It follows, therefore, that while the matter pleaded by way of counterclaim would be unavailing because not authorized by the Code, and because the court would be powerless to award an affirmative judgment in favor of the defendant thereon, yet it did go directly to the issue of marriage involved in the separation action, and the plaintiff herein, if he sought to attack the validity of the marriage contract, was necessarily bound to plead it as a defense in such action. But

notwithstanding this conclusion, we are of opinion that the motion was properly denied. Public policy requires that issues raised in actions should be disposed of only upon a trial, and not upon motion; and while it is true that the defendant may doubtless move at the opening of the trial to dismiss upon the pleadings, as they then appear, the court will then have before it all of the facts and circumstances, together with the parties, which does not usually obtain upon motions, and may at that time make an inquiry into every fact and circumstance which affects the litigation, and pronounce solemn judgment thereon. All rights of which the parties are possessed should await determination at a trial term of the court, where the matter may be adjudicated with care and precision, in accordance with such rights as they may be ascertained.

The order should therefore be affirmed, and the motion denied, without costs to either party as against the other.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur.

LAUGHLIN, J. (concurring). I concur in the result, but dissent from the views expressed in the prevailing opinion. An action for the annulment of a marriage proceeds upon the theory that a marriage, valid in form and in effect until annulled, took place. Unlike other contracts, fraud does not render this contract void, or even voidable at the election of the party imposed upon, but only upon such election and the decree of the court. The action for a separation involved the fact of the marriage, but not the question as to whether facts existed which would justify the cancellation of the contract, should the defendant elect to bring an action therefor. The facts might not have been known to him at the time, and, if they were, the statute gives him a definite time within which to make his election, which cannot be abridged by a suit against him for separation in the meantime. The defendant in the action for a separation should, if he then knew the facts and determined to elect to have the marriage annulled, have brought an action for the annulment of the marriage, and have stayed proceedings in the other pending the trial and decision thereof. That would have relieved the parties and the court of the perhaps unnecessary and fruitless burden of trying the action for a separation, but I am not prepared to say that he was obliged to take that course. If there was issue of the marriage, he might refrain on that account from endeavoring to have the marriage annulled; and, if such issue died before the expiration of the period for bringing an action to annul the marriage, he should not be barred from maintaining his action merely because in the meantime an action for a separation had been successfully maintained against him.