### GOULD v. GOULD.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. DEPOSITIONS—GROUNDS FOR TAKING—MATERIALITY OF EVIDENCE—STATUTORY PROVISIONS—SUFFICIENCY OF AFFIDAVIT.

Code Civ. Proc. § 871, provides that the deposition of a person not a party, whose testimony is material and necessary, may be taken in the manner prescribed. Section 872, subd. 4, provides that a person desiring to take a deposition may present an affidavit, setting forth, among other things, the name and residence of the person to be examined, and that his testimony is material and necessary. Rule 82 of the General Rules of Practice provides that the affidavit shall specify the facts and circumstances showing that the examination is material and necessary. In a separation proceeding brought over eight years after the marriage, an affidavit by defendant for the examination of a witness before trial de bene esse stated that his defense would be a general denial, and that he would also set up in justification plaintiff's misconduct, and would seek affirmative relief as a counterclaim, and further alleged that prior to the marriage plaintiff had misrepresented to defendant that she was of good moral character, and that her relations with a third person named "had been exclusively legitimate business relations," that he married her relying upon the misrepresentations, and alleged on information and belief that plaintiff's relations with the named person were notoriously meretricious, that the marriage was a fraud on him, that plaintiff had confessed to the witness whose testimony was sought to be taken the nature of her relations with the named person, that the witness resided in London, England, and was about to depart from this country. *Held*, that the affidavit was insufficient as the testimony sought related only to antenuptial acts of plaintiff, which, if established, would not constitute a defense to the action, and the fraud alleged was no ground for mistreatment or abandonment of plaintiff after the marriage had taken place.

**2. SAME.**
　　The allegation that certain affirmative relief would be asked as a counterclaim was insufficient ground for allowing the motion, as the nature of the relief was not stated, and the court had no right to infer that the testimony sought would be necessary and material as bearing on the issue when made.

**3. DIVORCE—ALIMONY—EVIDENCE.**
　　The testimony sought was not material upon the question of the amount of alimony, since, while the conduct and acts of the parties, their circumstances, and condition during marriage are to be considered in determining the amount to be awarded, testimony as to acts occurring prior to marriage is incompetent.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 670, 671.]

Appeal from Special Term.

Separation action by Kathrine C. Gould against Howard Gould. From an order denying a motion to vacate an ex parte order for the examination of a witness de bene esse, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clarence J. Shearn, for appellant.
Archibald R. Watson, for respondent.

McLAUGHLIN, J. This action is brought to procure a judgment of separation. Before the service of an answer, the defendant obtained an ex parte order for the examination of a witness before trial de bene esse, and from an order denying a motion to vacate this order the plaintiff appeals.

The order of examination was granted upon an affidavit by the defendant, which stated that his defense would be a general denial, and that, "in addition to the said general denial, the defendant will set up in justification the misconduct of the plaintiff and will also ask for certain affirmative relief as a counterclaim." The affidavit further alleged that prior to the marriage of the parties, which took place on the 12th of October, 1898, the plaintiff stated and represented to the defendant that she was a person of good moral character, and that her relations with a third party, whose name was given, "had been exclusively legitimate business relations"; that these statements and representations the defendant believed and relied on and married the plaintiff; on information and belief, that her relations with such party were notoriously meretricious and the marriage was a fraud upon the defendant; on information and belief, that the plaintiff has confessed to the witness whose testimony is sought to be taken the nature of her relations with such party; and that the witness resides in London, England, and is about to depart from this country.

Section 871 of the Code of Civil Procedure provides that the deposition of a person not a party, whose testimony is material and necessary to a party to an action pending in a court of record, other than certain courts, may be taken in the manner prescribed. Section 872 provides that a person desiring to take a deposition may present to a judge of the court in which the action is pending, or, if it is pending in the

Supreme Court, to a county judge, an affidavit setting forth, among other things, the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application or the prosecution or defense of such action (subdivision 4); and rule 82 of the General Rules of Practice provides that the affidavit shall specify the facts and circumstances showing that the examination of the person is material and necessary. The affidavit upon which the order directing that the deposition be taken was based failed to comply with this section or rule. No facts are set forth from which the court can see that what is sought to be proved by the person to be examined has any bearing on the issues to be tried. The action was commenced over eight years after the marriage, and the testimony sought relates only to antenuptial acts of the plaintiff, which, if established, would not constitute a defense to the action.

It is true that there are in the affidavit certain allegations of fraud; but, if they be established, it would not justify the defendant in abandoning the plaintiff, or maltreating her after the marriage took place. The affidavit contains a statement to the effect that defendant will ask for certain affirmative relief as a counterclaim, but what this "certain affirmative relief" will be does not appear, and the court has no right to infer, in the absence of such statement, that the testimony will be necessary and material as bearing on that issue.

It is not material as bearing upon the question of the amount of alimony to be awarded. The conduct and acts of the parties, their circumstances and condition during marriage, are to be considered in determining the amount to be awarded (Goodsell v. Goodsell, 82 App. Div. 65, 81 N. Y. Supp. 806), but I know of no authority which holds that their acts prior to marriage can be scrutinized either for the purpose of increasing or diminishing the allowance. After a careful consideration of the affidavit upon which the order was made, I fail to see how the facts sought to be proved by the person whose deposition is directed to be taken is material for any purpose whatever, and therefore the motion to vacate should have been granted. Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244; Nocito v. Acierno, 122 App. Div. 45, 106 N. Y. Supp. 785; Ehrich v. Scott, 122 App. Div. 719, 107 N. Y. Supp. 846.

The order appealed from therefore is reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.