BERTHA L. OSTRO, Respondent, *v.* LEO E. OSTRO, Appellant.

First Department, November 12, 1915.

**Husband and wife — action for separation — defenses — facts warranting annulment.**

In an action brought by a wife for separation, the husband cannot allege as a defense fraudulent representations by which he was induced to contract the marriage and which might warrant an action on his part for an annulment.

McLAUGHLIN, J., dissented.

APPEAL by the defendant, Leo E. Ostro, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of March, 1915, sustaining a demurrer to the third separate defense in the answer.

*Walter E. Godfrey,* for the appellant.

*Thomas G. Prioleau,* for the respondent.

LAUGHLIN, J.:

This is an action for separation, and the defense to which the demurrer was interposed pleads facts showing that the defendant was induced to contract the marriage by fraudulent representations, with respect to matters material thereto, made by plaintiff. The demurrer is upon the ground that the defense is insufficient in law. The point presented by the appeal is whether a cause of action for the annulment of a marriage may be pleaded as a *defense* to an action for separation predicated on the validity of the marriage.

The court at Special Term held that such a cause of action may not be pleaded by the defendant as a defense, and cited our decision in *Gould* v. *Gould* (125 App. Div. 375) as authority therefor. The decision on that appeal did not involve the point now presented. That was an appeal from an order denying the plaintiff's motion to vacate an order for the examination of a witness before trial in an action for separation. The answer had not been interposed, and it was stated

in an affidavit made by the defendant that his defense would
be a general denial and that "in addition to the said general
denial the defendant will set up in justification the misconduct
of the plaintiff, and will also ask for certain affirmative relief
as a counterclaim." After thus stating what his pleading
would be, the defendant set forth facts tending to show the
perpetration of fraud upon him in inducing him to enter into
the marriage contract, and he sought the examination of a
witness who was about to depart from the State with respect
thereto. Those facts would not be material under a general
denial with respect to the charges made by the plaintiff as the
basis of her action for a separation; nor would they tend to
*justify* such conduct on the part of the defendant; nor could
the defendant have been afforded *affirmative relief* by way of
counterclaim for annulment, since the Code does not authorize
it; and as these were the only defenses he intended to inter-
pose, this court held that the witness was not shown to be
material, either on the issues to be presented by the pleadings,
or on any question with respect to the allowance of alimony;
and the order was reversed. It was not claimed by counsel for
the respondent on that appeal that the facts constituting a
counterclaim for the annulment of the marriage were to be
pleaded as *a defense* to the action for separation, and doubt
was expressed in his points with respect to whether fraud in
the procurement of the marriage contract could be set up as a
*counterclaim* in an action for separation; but it was therein
claimed that the fraud in procuring the marriage was
material "not only by way of justification of the defendant's
conduct, as alleged in the complaint, but also as bearing on
what would be a reasonable support of the plaintiff by the
defendant, in case the former should prevail in her action for a
separation." *Durham* v. *Durham* (99 App. Div. 451) was not
cited by counsel for either party on that appeal; and inasmuch
as the defendant did not intend to plead the fraud as *a defense,*
manifestly it was not in point and was neither modified nor
overruled by *Gould* v. *Gould* (*supra*).

The learned counsel for the appellant contends that the
point now presented was decided by this court in *Durham* v.
*Durham* (*supra*). It is true that Mr. Justice HATCH, writing

First Department, November, 1915. [Vol. 169.

for the majority of the court, in that case unequivocally expressed the view that notwithstanding the fact that a counter-claim for annulment is not authorized in an action for a separation, still the facts constituting the cause of action for annulment may be pleaded as a defense, and that if they are so pleaded the judgment in the separation action, which is predicated on the marriage contract, is a bar to a subsequent action for annulment; but the point actually decided by the court in that case — which arose before the Legislature amended the Code of Civil Procedure by adding section 547 (Laws of 1908, chap. 166) so as to authorize a motion for judgment on the pleadings in any case — was that the sufficiency of an answer in such an action should not be determined on a motion at Special Term for judgment on the pleadings, but should be left to be decided by the trial court, and an order denying defendant's motion at Special Term for judgment on the pleadings was affirmed. The writer in an opinion in that case, concurring in the result, but dissenting from the views expressed in the majority opinion, maintained that a marriage contract differs from other contracts in that although a party may have been induced to enter into it through fraud, he may not rescind it at will, for in such case the statute makes it *voidable* merely and it is not *void* until so decreed by a court; and suggested that the defendant in such case, knowing the facts constituting the cause of action for an annulment and desiring to avail himself thereof might have brought an action for annulment and to apply for a stay of the trial of the issues in the separation action. Instead of restating my views on the crucial point presented by the appeal I quote from what I then wrote, as follows: "An action for the annulment of a marriage proceeds upon the theory that a marriage valid in form and in effect until annulled took place. Unlike other contracts, fraud does not render this contract void or even voidable at the election of the party imposed upon, but only upon such election *and the decree of the court.* The action for a separation involved the fact of the marriage, but not the question as to whether facts existed which would justify the cancellation of the contract should the defendant elect to bring an action therefor."

There are precedents for holding that fraud may be pleaded as a defense to an action on contract without counterclaiming for a reformation or cancellation of the contract, and even in a court without jurisdiction to grant such relief (See *Ward* v. *Union Trust Co.*, 166 App. Div. 762, and cases cited; *Woods* v. *Garcewich*, 67 id. 53), but those decisions were made with respect to contracts which it was competent for the party defrauded to rescind at will for the fraud and in which his election to rescind becomes effective without application to the court. On further consideration of this important question the majority of the members of the court now are of the opinion that a matrimonial action is not one of those in which fraud in inducing the marriage contract may be pleaded as a defense where a counterclaim for the annulment of the marriage may not be interposed in the action. If that were permitted the marriage contract would still remain in full force unless the defendant should see fit to bring an action for the annulment thereof.

We are of opinion, therefore, that facts constituting a cause of action for the annulment of the marriage do not constitute a defense to an action for a separation, and without intending to express any opinion with respect to the effect of. a judgment for the plaintiff in the separation action on an action subsequently brought by the defendant for the annulment of the marriage based on facts known to him prior to the rendition of the judgment in the separation action, we affirm the interlocutory judgment appealed from, with costs.

INGRAHAM, P. J., SCOTT and DOWLING, JJ., concurred; McLAUGHLIN, J., dissented.

Judgment affirmed, with costs.