EDWARD M. P. MURPHY, Appellant, *v.* GERTRUDE S. MURPHY,
Respondent.

·First Department, December 17, 1920.

**Husband and wife — action for separation followed by defendant's
suit for annulment — when prosecution of action for separation
should be stayed — grounds for annulment cannot be asserted in
action for separation as defense or counterclaim.**

Where a wife has brought an action for separation and thereafter the
defendant husband begins a suit for annulment of the marriage upon
the ground of fraud and there is nothing to render it improbable that
the husband will succeed in his suit, the court may enjoin and stay
proceedings in the wife's action for separation until the determination
of the suit for annulment.

This, because the husband as defendant in the action for separation could
not defend upon the ground that the marriage was induced by fraud
nor could he interpose a counterclaim for annulment on the ground of
fraud.

APPEAL by the plaintiff, Edward M. P. Murphy, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 10th day of August, 1920, denying plaintiff's
motion to enjoin and stay proceedings in another action by
the defendant herein for separation.

*George N. Hamlin,* for the appellant.

No appearance for the respondent.

LAUGHLIN, J.:

This is an action to annul, on the ground of fraud, a cere-
monial marriage, between the plaintiff and the defendant,
solemnized· on the 11th day of April, 1914. The other action,
which was pending in the same court when this was com-
menced, is predicated on the same marriage but was brought
by the wife for a separation on the ground of abandonment.
The plaintiff's prayer for relief herein is both for the annulment
of the marriage and a permanent injunction restraining the
prosecution of the separation action. In opposition to the
motion, affidavits made by the defendant were read contro-
verting the allegations of fraud on her part in inducing the

plaintiff to marry her. Affidavits made by the plaintiff, however, read in support of the motion and in reply to an affidavit made by the defendant, tend to support his cause of action for annulment. The record does not show on what ground or theory the motion was denied. In the circumstances, the denial of the motion was not warranted on the theory that it is improbable that the plaintiff will succeed in the action. He should be afforded an opportunity to try the issues of fact joined therein and be left in a position where if he succeeds, the judgment will not be fruitless. He could not defend the separation action upon the ground that he was induced to enter into the marriage by fraud nor could he interpose a counterclaim in that action for the annulment of the marriage on the ground of fraud, for a marriage contract induced by fraud is not, like other contracts, voidable at the election of the innocent party but only upon such election *and a decree of the court* annulling it on that ground. (*Ostro* v. *Ostro,* 169 App. Div. 790.) If the plaintiff succeeds in this action, the decree will necessarily show that the defendant is not entitled to succeed in the other action and the plaintiff will be entitled to an injunction permanently enjoining the defendant from prosecuting it. If, however, the separation action should be tried in the meantime and the plaintiff therein should succeed, plaintiff herein runs the risk of being embarrassed and possibly seriously prejudiced by a claim that he would then be estopped from questioning the validity of the marriage. Since, therefore, the decision of the issues herein in favor of the plaintiff would be a defense in the separation action and the object of this action may be defeated if the prosecution of the separation action be not stayed, the motion should have been granted and the prosecution of the separation action should have been stayed and enjoined pending the trial and decision of the issues herein.

It follows that the order should be reversed, but, it being a matrimonial action, without costs, and motion granted, without costs.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order reversed and motion granted, without costs.