EDITH GOUGH EVERITT, Respondent, *v.* CHARLES M. EVERITT, Appellant.

Second Department, October 26, 1923.

**Husband and wife — specific performance of agreement for support and maintenance — fraud on part of plaintiff in procurement of marriage may be set up as defense.**

In an action by a wife to compel the specific performance of an agreement for her support and maintenance the husband may interpose, as a defense to the enforcement of the agreement, that the marriage was procured by the false and fraudulent representations of the wife.

KELBY, J., dissents.

APPEAL by the defendant, Charles M. Everitt, from an order of the Supreme the Court, made at the Kings Special Term and entered in the office of the clerk of the county of Suffolk on the 5th day of September, 1923, striking out certain defenses and dismissing certain counterclaims contained in defendant's amended answer, in an action for the specific performance of an agreement for support and maintenance.

*Louis F. Reed,* for the appellant.

*Alfred M. Lindau,* for the respondent.

RICH, J.·

Two causes of action are pleaded, one for the payment of certain sums of money alleged to be due and owing to the plaintiff pursuant to the terms of a separation agreement and the other for the specific performance of that portion of the agreement which provides for the execution and filing by the defendant with the War Department of an allotment for the payment direct to the plaintiff of certain monthly sums out of defendant's salary as a major in the Army of the United States.

The theory of the defense interposed is that the marriage was procured by false and fraudulent representations upon plaintiff's part that she would consummate the marriage when in truth and in fact she neither intended to nor did consummate it, and that the marriage was, therefore, void and the agreement upon which it is predicated is without consideration to support it. No error was committed by the learned court at Special Term in striking out the counterclaims. The only question, therefore, to be considered upon this appeal relates to whether or not the question of fraud in the procurement of the marriage may be pleaded as a defense in an action for the specific performance of an agreement providing for future support and maintenance.

While it is the rule that a defense or counterclaim of this character may not be interposed in a separation action (*Ostro* v. *Ostro,* 169 App. Div. 790; *Murphy* v. *Murphy,* 194 id. 395; *Gould* v. *Gould,* 125 id. 375; *Durham* v. *Durham,* 99 id. 450) upon the theory that a marriage alleged to have been procured by fraud is not, like other contracts, voidable at the election of the innocent party, but only upon such election *and a decree of the court,* this action is brought in equity for the specific performance of the agreement, which is predicated upon the marriage of the parties, but for which it would be without consideration to support it. If the defendant be not permitted in this action to set up the defense of fraud in the procuring of the marriage, he is apparently without relief.

·I am of the opinion that the defendant should be permitted to interpose his defense of fraud in the procurement of the marriage, because if the facts alleged are established upon the trial they might tend to influence the court in determining the question as to whether equitable relief should or should not be granted. (See *Stokes* v. *Stokes*, 198 N. Y. 301, 312; *Hall* v. *Hall*, 139 App. Div. 120; *Percival* v. *Percival*, 106 id. 111.) While defendant is not entitled to affirmative relief, he should be permitted to allege by way of defense any fact that would tend to influence the court in arriving at a determination as to what, if any, relief plaintiff is entitled to.

The order should be modified accordingly, and as so modified affirmed, without costs.

Kelly, P. J., Manning and Young, JJ., concur; Kelby, J., dissents.

Order modified in accordance with opinion, and as so modified affirmed, without costs.