LEO J. WARSHOR, Plaintiff, v. MINNIE WARSHOR, Defendant.

Supreme Court, Kings County, August 16, 1927.

Husband and wife — annulment of marriage — prior judgment in separation action in favor of defendant is res judicata on validity of marriage.

This is an action to annul the marriage of the parties and is based on the alleged fact that the defendant had a husband living at the time the parties were married. A prior judgment granted to the defendant in an action for separation is *res judicata* on the question of the validity of the marriage, since in order to procure a judgment of separation it is necessary to find that the marriage was valid.

ACTION to annul a marriage upon the ground that defendant had a husband living from whom she was undivorced at the time of her marriage to the plaintiff.

*John Edward Field*, for the plaintiff.

*Max H. Newman*, for the defendant.

CROPSEY, J. Plaintiff alleging that his marriage to the defendant was void, because she had a husband living at the time, seeks an annulment. No proof of the plaintiff's allegations was offered, as the defendant had pleaded a judgment in her favor against the plaintiff granting her a separation and claimed this was a bar. The judgment in the separation action was entered October 9, 1925. The findings are the usual ones in such cases, including these that the parties were married, and that on September 13, 1924, the husband, without cause, abandoned his wife. The answer in the separation action pleaded as a counterclaim the facts alleged in the complaint in this action and sought an annulment of the marriage. Realizing, however, that such a counterclaim would not lie in that action (Civ. Prac. Act, § 1168; *Murphy* v. *Murphy*, 194 App. Div. 395; *Tavarozzi* v. *Tavarozzi*, 118 Misc. 30), the defendant in the separation action abandoned the counterclaim and no proof concerning it was offered. Is the judgment in the separation action *res adjudicata*, or do the findings in that action conclusively estop the plaintiff here from pressing his claim?

A judgment is *res adjudicata* and hence a bar to a second action between the same parties, upon the same cause, if it was rendered

upon the merits or as now provided by the Civil Practice Act (§ 482). And in that case it matters not what issues were raised or decided, or, indeed, whether there was any answer. Such a judgment bars a subsequent action for the same cause. But where the cause of action is different, although the parties be the same, the judgment as such in the prior action is not a bar although it may sometimes be spoken of as such. What is then meant is that a finding of fact necessarily made or issue necessarily determined in the first action will operate as a conclusive determination of the fact or issue so found upon a subsequent trial. (*Doty* v. *Brown,* 4 N. Y. 71; *Griffen* v. *Keese,* 187 id. 454, 464; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Taylor* v. *Taylor,* 14 N. Y. Supp. 420; affd., 63 Hun, 303; affd., 133 N. Y. 693.) This is equally true as to facts necessarily involved in the prior finding even though not expressly established. Hence, if the fact previously found be a vital one in a subsequent action, the prior finding absolutely controlling, the prior judgment is in effect a bar to the subsequent action. While the fact so found in the first action must have been necessarily involved therein it need not have been litigated. (*Meyerhoffer* v. *Baker,* 121 App. Div. 797.) So all the facts necessarily found by the judgment will work an estoppel, although that judgment was entered by default. (*Gates* v. *Preston,* 41 N. Y. 113.) And the rule is the same as to facts actually found and those that are the necessary inferences therefrom.

Matters that might be raised by counterclaim are usually not involved in a finding of fact made upon the allegations of the complaint and the general rule is that counterclaims are not lost, although not pleaded or pressed. Where a counterclaim is not necessarily involved in the determination of plaintiff's claim the defendant may interpose it or withhold it and make it the subject of a separate action at his election. If he fails to interpose it as a counterclaim he is not barred from thereafter asserting it. (*Brown* v. *Gallaudet,* 80 N. Y. 413, 417; *Rosenberg* v. *Slotchin,* 181 App. Div. 137, 139; *Honsinger* v. *Union Carriage & Gear Co.,* 175 N. Y. 229; *Schenectady Holding Co.* v. *Ashton,* 197 N. Y. Supp. 476, 479; affd., 204 App. Div. 348.) If, however, some fact vital to the counterclaim has been determined adversely to such contention in the first action that finding is controlling and works as an estoppel.

The question, therefore, is, was any finding made or necessarily involved in the separation action which is inconsistent with the basis of plaintiff's claim here for an annulment?

The essentials of a separation action are the marriage of the parties and acts giving ground for the relief sought. (*Townsend* v. *Van Buskirk,* 22 App. Div. 441, 443; *Durham* v. *Durham,* 99

Supreme Court, August, 1927.        [Vol. 130

id. 450, 452.) There could be no judgment of separation unless there was a finding that the parties were married, else there would be no obligation existing, the breach of which would constitute ground for the judgment. Unless a valid marriage was established there could be no judgment of separation. This does not seem to be disputed but it is urged that the invalidity of the marriage could not have been litigated in the separation action and that, therefore, the finding as to it should not be conclusive here. It is true that no judgment of annulment could have been obtained in the separation action, as a counterclaim for such relief would not lie therein. But it does not follow that the question may not there be litigated. Even if a general denial would not raise the issue there seems to be no reason why the facts showing the invalidity of the marriage may not be pleaded as a defense. True it is that the decisions are in conflict upon this point. Hatch, J., writing for the court in *Durham* v. *Durham* (99 App. Div. 450), stated that such a defense would lie. The contrary is held in *Ostro* v. *Ostro* (169 App. Div. 790). The reason advanced for the latter decision is that a party to a marriage may not treat it as void even though he has proper cause, as he might do in another contract, but has to come to court to have it declared void. Just what difference that makes is not clear. Nor does it seem to matter that the defendant would not have the right to interpose such a defense merely because he may not get affirmative relief by way of counterclaim. The matter of counterclaim is regulated by statute. There is no restriction upon the matter of defenses. A defendant should have the right to offer any matter as a defense which will defeat the plaintiff's claim.

In *Everitt* v. *Everitt* (206 App. Div. 408) the court stated that it was the rule that neither a defense nor a counterclaim based on the invalidity of the marriage might be interposed in a separation action, and it cited for this statement both the *Ostro* and *Durham* cases, among others, although, as has been stated above, the *Durham* case is not an authority for that statement but holds the exact opposite. The court then held that the invalidity of a marriage was a defense to an action brought by the wife upon an agreement of separation whereby she sought to recover an amount due thereunder and to get specific performance of another provision. This holding seems to be inconsistent with the statement that the same facts would not be a defense in a separation action. The sole consideration for the separation agreement was the marriage of the parties and so I think the court correctly held that the defense that the marriage was void or voidable was good. The same defense, however, should be good in the separation

action. In the one the wife seeks to recover support, based upon a written agreement, the consideration of which was the marriage of the parties. In the other she seeks to recover support based upon the fact of the marriage. It would seem to be inconsistent to hold that she might recover in the latter case but could not recover in the former.

But even if such a defense may not be pleaded, still it does not follow that the plaintiff here may succeed. The question here does not concern a matter of pleading or practice. The fact is that a judgment of separation has been obtained in which it has been found that the parties are man and wife. Of course if there was no way in which the defendant in a separation action could have raised his contention or could have prevented the plaintiff therein from obtaining judgment it would be a harsh rule that would say that the finding as to marriage thus made was conclusive. But that result does not follow, for even though the defense of the invalidity of the marriage might not be pleaded in the separation action the defendant therein could have applied to the court for a stay of that action pending the trial of his action for an annulment. (*Murphy* v. *Murphy*, 194 App. Div. 395.) The opinion in the *Murphy* case is written by LAUGHLIN, J., who also wrote in the *Ostro* case. He evidently recognized that unless the defendant did something to prevent the judgment in the separation action from being entered against him he might be estopped from later questioning the validity of the marriage (see p. 396).

Plaintiff's principal contention seems to be that because he claims the marriage to have been absolutely void and not merely voidable, therefore, a different rule applies. I cannot appreciate this distinction as applied to this situation. The adjudication in the separation action was that the marriage was valid. Whatever the actual fact may be that has been determined. If that finding negatives the existence of facts making the marriage voidable it must just as effectively negative the existence of facts making it void. The question is not what the fact is but what it has been determined to be by the prior judgment. As so found it is conclusive and may not be attacked. The situation is quite analogous to that appearing in *Dornfeld* v. *Dornfeld* (200 App. Div. 38). There a wife obtained a judgment of divorce, the findings stating there were two children of the marriage. Later a motion was made to amend the judgment by providing for support for those children. The husband then sought to dispute the legitimacy of one of the children. It was held he might not do this, that their legitimacy was determined by the judgment and could not be presented for further judicial investigation.

A rather recent case that illustrates the rule that is applicable, although it is not a matrimonial action, is *Goldman* v. *Rubinstein* (214 App. Div. 791). That was an action brought by the seller of real property against the broker, who had recovered from him commissions, plaintiff seeking to obtain the penalty prescribed by section 442-f of the Real Property Law* for selling property without a license. Previously the broker, the defendant, had sued the owner, the plaintiff, and had recovered a judgment for his commissions. Upon that trial there was no point made that the broker did not have a license. The Special Term held that the owner could recover the penalty (124 Misc. 606), but the Appellate Division reversed, holding that the finding in the broker's action that he was entitled to his commissions could not be in effect set aside by now showing that he was not licensed.

The defendant is entitled to judgment dismissing the complaint, with costs.