MINNIE RODMAN, Plaintiff, *v.* JOSEPH RODMAN, Defendant.

Supreme Court, Bronx County, July 1, 1931.

*Samuel Katz*, for the plaintiff.

*Abraham L. Furman*, for the defendant.

HAMMER, J. The plaintiff has brought this action against the defendant for a separation. The complaint, although the allegations are intermingled, states two causes of action. Apparently the purpose of the complaint was to state causes of action under subdivisions 1 and 4 of section 1161 of the Civil Practice Act. In so far as the attempt is made to bring the same on the ground of cruel and inhuman treatment of the plaintiff by the defendant, the proof is insufficient and that phase or cause of action is in any event dismissed. The plaintiff alleges that at the city of New York, in the county of Bronx, in the State of New York, the plaintiff and the defendant intermarried. There was no ceremonial marriage. Defendant moved for a bill of particulars and in the same the allegation of marriage is amplified by the claim of a common-law marriage.

" The two essentials of a common-law marriage are capacity and mutual consent. At common law the marriage relation may be formed by words of present assent, *per verba de præsenti,* and without the interposition of a clergyman or person lawfully authorized to perform the marriage ceremony. To constitute a marriage *per verba de præsenti,* the parties must be in each other's presence when the agreement is made. The agreement, however, need not be in the presence of witnesses. It may be expressed by parol, or the parties may adopt whatever ceremony their choice or religious belief may suggest. The vital element is the agreement itself, in whatever form it is adopted, which constitutes the contract and creates the relation." (*Smith* v. *Smith,* 194 App. Div. 543, 548.)

The difficulty with plaintiff's case is want of proof. Direct proof of the marriage is necessary where a direct attack is made upon the marriage.

" The right to judgment in an action for separation is dependent upon facts showing a disregard of the obligation and duty which arise out of the marital obligation and can only attach when such relation exists. In the action of separation, therefore, the plaintiff was required to establish the existence of a valid marriage as a prerequisite to her right to a judgment compelling the fulfillment of the obligation and duty which flowed therefrom. If there was failure to establish the existence of a valid marriage contract there would of necessity be failure to establish any obligation or duty owed by the plaintiff to the defendant, as it could only arise out

of such a contract. It necessarily follows that if there existed no valid marriage it would have constituted a complete defense to the action for separation, for if established it would appear that the plaintiff never had a cause of action, as no legal obligation or duty upon the part of the defendant to her could possibly arise." (*Durham* v. *Durham*, 99 App. Div. 450.)

*Fischer* v. *Fischer* (254 N. Y. 463). In this case it was stated: " In every action for separation the primary fact to be proved is an existing marriage between the parties. (*Jones* v. *Jones*, 108 N. Y. 415.)" (*Warshor* v. *Warshor*, 130 Misc. 262.)

Many letters were introduced in evidence written by the defendant showing great affection of an amorous nature for the plaintiff. There is no suggestion in any of the letters of a promise to marry. Infatuation is indicated but no reference is made to a marriage ceremony. Announcement of the alleged marriage, denied by defendant and his witnesses, seems to have been entirely on the part of the plaintiff. Among her friends it seems that she conveyed the news of a changed relationship with the defendant from that of a lodger at her residence to the usual and conventional marriage state. The defendant vehemently denies such relationship and asserts that meretricious relations had existed for many months between the parties. The evidence indicates a one-sided announcement by the plaintiff of marital relationship. The plaintiff desires the court to indulge in a presumption of marriage from a cohabitation, apparently matrimonial.

The difficulty again is with the proof, the burden of which is upon the plaintiff. Marital cohabitation and reputation do not constitute marriage. They are merely facts which may be considered with other facts in the case from which it may be presumed that the parties actually entered into the marriage. Such presumption is not conclusive but is open to rebuttal. The admissions and declarations of the parties may be considered. In this case they are at variance. The plaintiff admits and declares in favor of the marriage and her witnesses, who are her relatives and friends, support her. They testify also that the defendant admitted the marriage. He denies all such testimony and asserts a meretricious relationship from the beginning up to the final separation. His witnesses support him and testify to declarations by plaintiff repugnant to the existence of marriage. There is a presumption also that cohabitation which in its inception was illicit continued to be non-marital. Presumptions arise from facts shown (*O'Gara* v. *Eisenlohr*, 83 N. Y. 296; *Dietrich* v. *Dietrich*, 128 App. Div. 564) and the weight of the evidence here does not support the presumption of marriage.

After careful examination of the evidence I am convinced that the plaintiff has failed to establish by the weight thereof evidence necessary to establish a common-law marriage and the allegations of her complaint. Judgment accordingly is given to the defendant. Submit decision and judgment on notice.