MAY ABRAMS, Plaintiff, *v.* EUGENE ABRAMS, Defendant.

Supreme Court, New York County, March 1, 1934.

*William L. Schneider*, for the plaintiff.

*Harvey Ginsberg*, for the defendant.

COLLINS, J. This is an action by plaintiff wife on a separation agreement. The first separate defense alleges the pendency of an action for separation. The motion to strike this out is granted. No alimony seems to have been allowed in the separation action. Until its determination, and sometimes even thereafter, the rights under the separation agreement continue in full force.

The second separate defense, also called a counterclaim, alleges that at the time of this marriage, plaintiff was already married to another. The interposition of a counterclaim for annulment to a separation action is bad, and the fact that the present action is on a separation contract makes no difference. As a defense, however, it is good. If plaintiff had another husband living at the time of the separation agreement, there was a failure of consideration, and she is not entitled to recover. This defense also raises a triable issue and makes it impossible to grant summary judgment.

The motion is, therefore, disposed of as follows: The first separate defense is stricken out; the second separate defense, only to the extent to which it seeks an annulment of marriage, is stricken out, the motion for summary judgment is denied.

I realize that the same evidence which would sustain the defense of a void marriage might sustain the counterclaim, and it seems to me a needless ceremony to compel a separate action for annulment. But I am bound by the law as it is, and not as it should be. " The matter of counterclaim is regulated by statute. There is no restriction upon the matter of defenses." (*Warshor* v. *Warshor*, 130 Misc. 262, 264.) Settle order.