GERTRUDE TOBER, Plaintiff, *v.* HERMAN TOBER, Defendant.

Supreme Court, Erie County, December 20, 1935.

*Gibbons, Pottle & Pottle* [*Frank Gibbons* of counsel], for the plaintiff.

*McDonough & Boasberg* [*Charles J. McDonough* of counsel], for the defendant.

HORTON, J. Plaintiff has brought this action for a separation upon the ground of cruel treatment. The defendant denies cruelty and alleges as a counterclaim that he was induced by fraud to marry the plaintiff, and asks for an annulment of the marriage.

The action was heard for two days beginning October 23, 1935, and again on December 4, 1935, the trial having been adjourned to enable the defendant to present certain medical evidence and the plaintiff to meet the charges of fraud. At the close of defendant's evidence on December fourth, the plaintiff moved to dismiss the counterclaim under section 1168 of the Civil Practice Act. The defendant urges that this objection is waived under subdivision 4 of rule 109 of the Rules of Civil Practice and section 278 of the Civil Practice Act.

Plaintiff argues that while in the ordinary case objection to the interposition of a counterclaim should be taken by motion, that rule does not apply here as the objection is as to jurisdiction, this being a special statutory action and not one brought under the general common-law or equity jurisdiction of the court.

Plaintiff asserts that since the court's jurisdiction in matrimonial actions is conferred not by common law or equity, but by statute, which does not expressly allow a cause of action in annulment to be interposed as a counterclaim in a separation action (Civ. Prac.

Act, § 1168), the court has no jurisdiction to decide the case as a counterclaim, and that the waiver of objection referred to in section 278 of the Civil Practice Act cannot operate to confer power or jurisdiction which is lacking in the court, and cites some cases which seem to lend support to that view, although in none of them was the question of such waiver in a contested action discussed. (*Tavorozzi* v. *Tavorozzi*, 118 Misc. 30; *Everitt* v. *Everitt*, 206 App. Div. 408; *Warshor* v. *Warshor*, 130 Misc. 262.)

This argument seems to the court to be based upon too narrow and limited a construction of the statutes. There is, of course, no question that the court has jurisdiction of the subject-matter. The only question is as to how it shall be exercised. While it has been repeatedly held that the courts of this State have no common-law jurisdiction over the subject of divorce and are limited to the exercise of such express and incidental powers as are conferred by the statutes (*Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456, 459; *Ackerman* v. *Ackerman*, 200 id. 72), it is equally well established that the Court of Chancery had authority to entertain suits to annul marriage contracts upon the same grounds which authorized them to annul contracts generally. (*Erkenbrach* v. *Erkenbrach, supra; Griffin* v. *Griffin*, 47 N. Y. 134.)

As stated in *Berry* v. *Berry* (130 App. Div. 53): " The Supreme Court is vested with the powers of the Court of Chancery * * * the doctrine is still true that while its entire jurisdiction in matrimonial causes is conferred and regulated by statute, yet in the exercise of that jurisdiction, unless controlled by positive enactment, it proceeds as a court of equity."

This court, then, has jurisdiction under the above authorities, without the aid of statutes, to entertain an action for annulment of marriage on the ground of fraud. In the court's opinion, any course of reasoning that would compel a different rule in this case from that, for example, of a contract action in which failure to object by timely motion to the interposition of a counterclaim in tort (*Wise* v. *Powell*, 216 App. Div. 618) was held to be a waiver of the objection, is too fine-spun to be seriously considered.

Refusal now to consider the defendant's counterclaim would be inequitable. By direction of the court with the acquiescence of counsel, the defendant's proof upon the counterclaim was heard first and further trial of the action postponed for six weeks and an allowance of seventy-five dollars was previously made to enable plaintiff to obtain evidence in East St. Louis to rebut that offered by the defendant upon the annulment question. The plaintiff allowed the defendant to go to great expense in procuring the attendance of witnesses from New York city, Illinois, Missouri

and California, withheld the motion to dismiss the counterclaim until all these witnesses had testified, and now concedes that if the annulment counterclaim is dismissed the only way to proceed under the authorities and in justice is to stay the separation action until a separate action for annulment can be brought and determined. (*Murphy* v. *Murphy*, 194 App. Div. 395; *Warshor* v. *Warshor*, 130 Misc. 262.) Such a separate action would be needless waste, as the annulment issue was tried in this case exactly as it would have been tried in a separate action brought by the defendant. Both parties were represented by able counsel and the question was fully litigated so that the interest both of the parties and of the public in such a case was, in the court's opinion, safeguarded. The plaintiff did not avail herself of the opportunity to obtain the evidence she insists she has in East St. Louis. True, she claims that she alone can get this evidence, and that she was physically incapacitated from going there. However, her conduct during the trial (as, for example, her running away from her home after being informed that for her accommodation evidence was to be taken at her bedside, and her refusal to be examined and treated at the city hospital in December after the court with the co-operation of both counsel had arranged for this) leads the court to believe that she was not acting in good faith, but has rather been seeking to prolong the separation action and receive the temporary alimony allowed therein, postponing as long as possible the determination of the annulment cause of action.

The court regards the question before it as one of procedure and not of jurisdiction, and thinks the proof submitted ample and in fact convincing in favor of the defendant; that the only decision possible under the evidence is that defendant is entitled to a judgment annulling his marriage to the plaintiff upon the ground of fraud. Since the plaintiff has submitted to the court all the evidence she has upon this question, the trial having been postponed further upon December fifth only for the purpose of hearing proof upon the cause of action in separation, the court can see no other alternative than to direct judgment at this time in favor of the defendant upon his counterclaim.