NAN PETERSEN, Respondent-Appellant, v. JOHN P. PETERSEN, Appellant-Respondent.— This action was brought for a separation upon the ground of alleged abandonment and non-support. The defendant husband denied the marriage and interposed a defense alleging that the alleged marriage between the parties was void because the plaintiff wife at the time thereof had a husband living. Defendant also interposed a counterclaim for annulment of the marriage based on the same alleged facts, and demanded dismissal of the complaint and an affirmative judgment on the counterclaim, annulling the marriage. The trial court dismissed the complaint on the merits and also dismissed the counterclaim on the merits. Judgment was entered accordingly. The plaintiff appeals from that part of the judgment which dismisses the complaint on the merits, and the defendant from that part thereof which dismisses the counterclaim on the merits. Judgment dismissing the complaint on the merits and dismissing the counterclaim on the merits modified by providing that the words " upon the merits," in so far as they refer to the dismissal of the

counterclaim, be struck out and that the words " without prejudice " be inserted in place thereof, and as so modified unanimously affirmed, without costs. Inconsistent findings of fact and conclusions of law will be reversed and new findings and conclusions made. We are of opinion (1) that the matter relating to the previous still subsisting marriage of the plaintiff, pleaded as a counterclaim for annulment, was not properly interposed herein (Civ. Prac. Act, § 1168), although as a defense it was properly interposed (*Durham* v. *Durham*, 99 App. Div. 450; *Ostro* v. *Ostro*, 169 id. 790); (2) that the defense was established by the defendant as a matter of law upon the undisputed proofs, for the reason that the judgment of annulment obtained by the plaintiff against her alleged former husband, Franklyn, was void in this State as Franklyn did not voluntarily appear and submit himself to the jurisdiction of the court in California (*Jones* v. *Jones*, 108 N. Y. 415, 416) and was not served personally within that State. (*Olmsted* v. *Olmsted*, 190 N. Y. 458, 466; *People* v. *Baker*, 76 id. 78, 82; *O'Dea* v. *O'Dea*, 101 id. 23; *Ball* v. *Cross*, 231 id. 329, 331.) In the circumstances disclosed in the record, while the dismissal of the counterclaim was proper, it was error to dismiss it on the merits. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ. Settle order on notice.